MISSOURI PACIFIC RAILWAY COMPANY v. W. E. BRIDGES AND WIFE.

No. 2772.

1. **Railway Crossings—Negligence.**—A railway company undertaking to construct a bridge at a crossing used in travel is liable for the negligent construction of such bridge. This liability exists although no obligation was upon the road for the construction of such bridge crossing at the place.

2. **Public Road.**—A railway crossing by use may become public in fact.

3. **Same—Case Adhered to.**—Railway v. Lee, 70 Texas, 496, adhered to.

4. **Damages.**—A verdict for $3000 actual damages in favor of parents for negligently causing the death of their son, aged sixteen, held not to be excessive.

ERROR from Wood.   Tried below before Hon. Felix J. McCord.
The opinion states the case.

*Whitaker & Bonner,* for plaintiff in error. —1. One who voluntarily undertakes to perform a service not imposed by law will not be liable for negligence in its performance.   M. K. & T. Ry. v. Long, 6 Am. and Eng. Ry. Cases, 254; Railway v. Willey, 5 Am. and Eng. Ry. Cases, 305.

2.   The verdict of the jury was contrary to the law and the evidence, because the evidence showed that the crossing where the plaintiffs' son was injured was not a public highway, and the defendant company was not required under the law to maintain the same, and can not be held

liable for injuries resulting from defects therein.   The verdict of the jury was excessive.   Winnt v. I. & G. N. Ry., *supra*, 32.

*Giles & Hicks*, for defendants in error. — 1. One who neglects to perform a duty imposed by law will be liable for negligence in its performance.   Sayles' Texas Civ. Stats., art. 4171; T. & P. Ry. v. Anderson, 2 Ct. App. C. C., sec. 204; Railway v. Lee, 70 Texas, 497; I. & G. N. Ry. v. Jordan, 1 Ct. App. C. C., sec. 762.

2.   Verdict.   Railway v. Lee, 70 Texas, 497; Pines v. Railway, 34 Hun (N. Y.), 80; Hooghkirk v. Railway, 63 Barb. (N. Y.), 328; Union Pacific Ry. v. Dunden, 37 Kans., 1.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by defendants in error to recover of plaintiff in error damages for injuries resulting in the death of their minor son.   The accident occurred at a point on the company's track where it was crossed by a road which was used by the public as a highway.   The crossing is at Golden, an unincorporated village in Wood County.   The road was not recognized as a public highway by the authorities of the county.   The railroad company had constructed a crossing for the road and had made a bridge across a ditch on the side of its track.   The bridge having become old and out of repair was reconstructed by the section hands with the old material, and dirt was thrown upon it which concealed its defects.   James D. Bridges, the son of. defendants in error, attempted to cross the bridge on a mule, but the bridge gave way under the mule and caused the son to fall and to receive injuries from which it is claimed that he died.   For the purposes of this appeal it is conceded in the brief of counsel for plaintiff in error that the injuries so received resulted in his death.

The court charged the jury in effect that when a railway company recognized and maintained a crossing over its track for the benefit of the public, the company would be liable for injuries resulting to any one using the crossing by reason of defects in its construction.   This charge is assigned as error.   It is also assigned that the verdict of the jury is contrary to the law and evidence, because, as is insisted, the road not being a public one the company was not liable in damages for the injury.   In Railway Company v. Lee, 70 Texas, 496, the doctrine is laid down that a road not established by authority of law which crosses the track of a railroad may be so used by the public and recognized by the company as to impose upon the employes of the latter in operating its trains the duty of ringing a bell or blowing a whistle upon approaching the crossing, as is prescribed by article 4232 of the Revised Statutes in reference to the crossing of public roads.   It is claimed, however, that there is a distinction between that case and the case now before us.   This may be; but if a road may be made public merely by use and recognition so as to impose

upon railroad companies a duty purely statutory, we think for a stronger reason that if they assume the duty of maintaining a crossing upon such road, and thereby impliedly invite the public to use it, they should be held bound to maintain it in a safe condition. It is so held by the Supreme Court of Minnesota in the case of Kelly v. Railway Company, 28 Minnesota, 98. The court in support of their opinion cite Webb v. Railway Company, 57 Maine, 117, which volume is not accessible to us at this branch of this court. The company may be under no obligation to maintain the crossing of a road not made public by law which its track intersects. But if it voluntarily assumes to do so, knowing that it is a road in common use by the public, it in effect invites the use of it and proclaims it safe, and should be held liable for any injuries resulting to passengers over the crossing by reason of its negligent construction. We conclude that under the undisputed facts of the case the plaintiffs were entitled to recover, and that there is no error in the charge of the court which requires a reversal of the judgment.

The damages are large, but not so excessive as to authorize us to set aside the verdict on that ground. We declined to set aside a larger verdict under a very similar state of facts in Railway Company v. Lee, *supra*.

The judgment is affirmed.

*Affirmed.*

Delivered October 18, 1889.