J. E. COWANS V. FORT WORTH AND DENVER CITY RAILWAY COMPANY.

Decided November 11, 1905.

**1.—Defective Crossing Over Railroad Tracks—Liability of Company.**

In the absence of ordinary care, a railroad company is liable to those using a defective crossing over its tracks, who, by reasonable implication, are invited to use the same and are injured thereby.

**2.—Same.**

One who is expressly or impliedly invited by the railroad company to use a crossing over its tracks is not required to exercise ordinary care in selecting the same, since he had the right to assume that the railroad company had discharged its duty to supply him with a reasonably safe crossing, unless he is himself chargeable with knowledge of its bad condition.

Appeal from the District Court of Potter. Tried below before Hon. Ira Webster.

*Barrett, Stewart & Templeton,* for appellant.—That the charge of the court quoted in the opinion was too restrictive, and confined plaintiff's right of recovery within too narrow limits, and did not give the jury sufficient latitude, cited: Batts' Rev. Stats., art. 4426; San Antonio & A. P. Ry. Co. v. Belt, 59 S. W. Rep., 610; Missouri, K. & T. Ry. Co. v. Connelly, 39 S. W. Rep., 145; Missouri Pac. Ry. Co. v. Bridges, 12 S. W. Rep., 210; Elliott on Railroads, secs. 1248, 1249; Nicolas v. Washington & O. Ry. Co., 32 Am. & Eng. Ry. Cases, 27; Delany v. Milwaukee & C. T. P. Ry., 33 Wis., 67; Bennett v. Louisville & N. Ry. Co., 102 U. S., 577; Sioux City & Pac. Ry. v. Stout, 84 U. S., 745; Breeze v. Powers, 45 N. E. Rep., 132; Nave v. Flack, 46 Am. Rep., 205; Phillips v. Library Co., 27 Atl. Rep., 480; Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545; City of Dallas v. Moore, 74 S. W. Rep., 97; City of Austin v. Ritz, 72 Texas, 391; International & G. N. Ry. Co. v. Robertson, 27 S. W. Rep., 564; Missouri, K. & T. Ry. Co. v. Connelly, 39 S. W. Rep., 145.

Appellant being invited by appellee, either expressly or impliedly, to use this crossing, was not bound to use ordinary care in selecting a crossing, as he had the right to assume said crossing to be safe unless he knew it was in bad condition, in which event only he was bound to use care in selecting a route. Dallas & G. Ry. Co. v. Able, 72 Texas, 150; San Antonio & A. P. Ry. Co. v. Belt, 59 S. W. Rep., 610; Nicolas v. Washington & O. W. Ry. Co., 32 Am. & Eng. Ry. Cases, 27.

Where a railroad company invites persons to come onto its premises to transact business with it, it is in duty bound to keep such premises and the approaches thereto in an ordinarily safe condition. Hamilton

v. Texas & Pac. Ry. Co., 64 Texas, 253; Stewart v. International & G. N. Ry. Co., 53 Texas, 289; Texas & Pac. Ry. Co. v. Hudman, 28 S. W. Rep., 390; Galveston Oil Co. v. Morton, 70 Texas, 404; U. S. Notes, vol. 9, 1117; Murch v. Concord Ry. Co., 61 Am. Dec., 631; 13 Am. & Eng. Ry. Cases, 29; 1 Am. & Eng. Ry. Cases, 71; International & G. N. Ry. Co. v. Douglass, 27 S. W. Rep., 793; Pierce on Railroads, 275.

The use of the crossing by plaintiff, with knowledge that it was not in good condition, was not negligence as matter of law. It was a question for the jury to determine whether or not, under all the facts and evidence in the case, plaintiff was guilty of negligence in attempting to use the crossing. International & G. N. Ry. Co. v. Robertson, 27 S. W. Rep., 564; Quinn v. Galveston, H. & S. A. Ry. Co., 11 Texas Ct. Rep., 820; Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545; City of Dallas v. Moore, 74 S. W. Rep., 97; City of Austin v. Ritz, 72 Texas, 391; Ball v. City of El Paso, 23 S. W. Rep., 835; City of Denison v. Sanford, 21 S. W. Rep., 785; City of Galveston v. Hemmis, 72 Texas, 558; Lee v. International & G. N. Ry. Co., 36 S. W. Rep., 63; Texas & Pac. Ry. Co. v. McCoy, 44 S. W. Rep., 26.

*Spoontz & Thompson* and *J. H. Barwise, Jr.,* for appellee.—The crossing in question having been constructed across the switch track of appellee by another person, for his own private accommodation and convenience, the crossing not being in any sense a public one within the meaning of the law, and not having been constructed, maintained or recognized as such by the appellee, and there being no other or further act of appellee shown with reference to such crossing than a mere passive acquiescence in its use by a few persons, there was no duty under these conditions on the part of appellee to maintain said crossing, and the trial court should have directed a verdict for the appellee. Hence, there can be no error whatsoever arising out of the manner in which this case was submitted to the jury.

There were but two theories presented by the testimony upon which this case could, or ought to, have been submitted to the jury, to wit:

(a) That the yardmaster, King, being duly authorized so to do, had given to the appellant an express invitation to cross at the particular crossing in question, for the purpose of unloading the car, and that, therefore, a duty was fixed on appellee to use ordinary care to maintain the crossing; or

(b) That, inasmuch as the appellee had placed the car near to the crossing in question, and at a point to the west of Buchanan Street, and at a point to which, on account of a certain mud hole and other obstructions, appellant could not get from the regular public crossing at Buchanan Street, except and only by crossing over the crossing in question, thereby rendering it necessary for him to cross at said place; therefore there arose an implied invitation because of this necessity to cross there. In other words, since the appellee had placed the car for unloading at a place that rendered it necessary, under all the facts, for appellant to cross over the crossing in question, it had thereby impliedly invited him to cross. Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 64; Texas & Pac. Ry. Co. v. Neill, 30 S. W. Rep., 369; Mis-

souri Pac. Ry. Co. v. Bridges, 74 Texas, 520; Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 642; Bennett v. Louisville & N. Railroad Co., 102 U. S., 577; Morgan v. Pennsylvania Railroad Co., 7 Fed. Rep., 78.

The testimony being abundantly sufficient to raise the issue of appellant's negligence in undertaking to cross at this particular place, and being abundantly sufficient to justify a finding that appellant was guilty of contributory negligence, it was the imperative duty of the court to submit this issue to the jury. Tucker v. National Loan & Inv. Co., 80 S. W. Rep., 879; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 64; Gulf, C. & S. F. Ry. Co. v. Gascamps, 7 S. W. Rep., 227.

SPEER, ASSOCIATE JUSTICE.—Appellant, who was engaged in driving a dray in the city of Amarillo, was injured in an attempt to cross appellee's railroad tracks, and sought to recover damages upon the grounds (1) that the place at which he was injured was a public crossing, and (2) that he was expressly or impliedly invited by appellee to cross the tracks at such place for the purpose of unloading a car of drygoods placed near there by the railroad company. From an adverse judgment in the District Court he has appealed, and seeks a reversal mainly upon alleged errors in the trial court's charge.

Under the evidence before us the issue of the crossing's being in a public street is practically out of the case, and the question is whether or not appellee, either expressly or impliedly, invited appellant to use the crossing. Upon this issue the court charged the jury as follows:

"2d. If you find and believe from the evidence that the plaintiff, in unloading the car of goods which he was unloading at the time he was injured, used the crossing over defendant's switch track near Pierce Street at the express direction or instance of one King, and that said King was at the time an agent or servant of defendant, having authority to so direct plaintiff, or that the defendant, its agents, servants or employes placed said car on one of its tracks near said crossing for the purpose of being unloaded from said place, and if you believe and find from the evidence that it became, and was, necessary for plaintiff, in unloading said car, to use the crossing on which he was injured, then it became, and was, the duty of defendant to exercise ordinary care to see that said crossing was reasonably safe for the purpose for which it was used; and if you so find and believe from the evidence, and if you further find that the defendant failed to exercise such care, and failed to discharge said duty, and that, as a direct and proximate result of such failure, the plaintiff was injured as alleged in his petition, then you are instructed to find for the plaintiff, and assess his damages as hereinafter directed, unless you find for the defendant under the succeeding paragraphs of this charge.

"3d. If you fail to find from the evidence that the plaintiff used said crossing at the express direction or instance of said King, and if you fail to find that defendant, its agents and employes, placed said car on said track near said crossing for the purpose of being unloaded from said place, and if you fail to find that it became, and was, necessary for plaintiff, in unloading said car, to use said crossing, then your verdict will be for the defendant."

Under the pleadings and evidence these paragraphs of the charge

are too restrictive of appellant's rights. Under them he is required to establish, before he is entitled to recover, either that he was expressly directed by the company to use the crossing, or that the appellee placed the car for the purpose of being unloaded from said crossing, and that it was necessary for him to use the crossing; whereas, aside from any question of contributory negligence, appellant would also be entitled to recover upon proof that appellee placed the car of goods at the point it did, intending that it should be unloaded over the Pierce Street crossing, or set it at such place under such circumstances as to induce him, in the exercise of ordinary care, to believe that such was its intention. Of course, if the place were a public crossing, there can be no question of appellee's duty to exercise ordinary care to keep the same in a reasonably safe condition for those using the crossing. Nor could there be if the company expressly invited one to use the same. But, in the absence of both of these contingencies, the appellee would yet be liable if, by reasonable implication, it invited appellant to cross its tracks at the point where he was injured. (Missouri Pac. Ry. Co. v. Bridges, 74 Texas, 520, 12 S. W. Rep., 210; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 503, 7 S. W. Rep., 857; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 64; Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 642, 32 S. W. Rep., 868; Dallas & G. Ry. Co. v. Able, 72 Texas, 150; San Antonio & A. P. Ry. Co. v. Belt, 59 S. W. Rep., 607.) Under such circumstances the appellee would owe to the appellant precisely the same duty to exercise ordinary care in maintaining the crossing as though such place were in a public street or highway. The evidence indicates that the point in question had for many years been used by draymen as a crossing when unloading cars upon appellee's tracks, and that this custom was necessarily known to appellee. It also indicates that the public crossing on Buchanan, a nearby street, was somewhat out of repair, and that the car of goods was placed within a few feet of the Pierce Street crossing, where appellant was injured. No barriers or signs forbidding the use of the place by the public were ever erected. From these circumstances the jury might have found that the company had impliedly invited appellant to use the Pierce Street crossing, and this, too, notwithstanding there is some evidence of a contrary tendency to be found in the record.

There is also error in the fourth paragraph of the court's charge, as pointed out in appellant's fourth assignment of error. If appellee, either expressly or impliedly invited appellant to use the Pierce Street crossing, then he was under no obligation to exercise ordinary care in selecting a crossing, since he had the right to assume that appellee had discharged its duty to supply him with a reasonably safe crossing, unless he himself was chargeable with knowledge of its bad condition. He would only be required to exercise this care in the event the company had in no way invited him to use the crossing and he chose the same himself in his effort to avoid the use of a defective and unsafe crossing provided by the company. But this is not the case made by the pleadings. We do not mean to indicate that it was improper to charge upon the issue of contributory negligence; we rather think the issue is in the case, and that a charge upon it should be given, but it should not impose upon appellant the duty of exercising ordinary care

to select the crossing if he was invited to use the one he did. Even if appellant knew there was some danger attending the use of this crossing, yet if he exercised the care of an ordinarily prudent person under all the circumstances, he would not be cut off from a recovery. (Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545; Gulf, C. & S. F. Ry. Co. v. Grisom, 11 Texas Ct. Rep., 194.)

For the error discussed the judgment is reversed, and the cause remanded for another trial.

*Reversed and remanded.*