## J. E. COWANS V. FT. WORTH & DENVER CITY RAILWAY COMPANY.

### Decided March 7, 1908.

**1.—Railroad Crossing—Implied Invitation to Use—Evidence.**

In an action against a railroad company for damages for personal injuries caused by a defective crossing over defendant's track, where plaintiff's pleading and evidence raised the issue of an implied invitation on the part of the defendant to use said crossing, it was error on the part of the trial court to exclude the testimony of plaintiff to the effect that he believed, and relied

on the fact, that it was expected by the defendant that he would use said crossing. On such an issue the state of mind of the plaintiff was a material fact.

### 2.—Civil Action—Preponderance of Evidence—Charge.

In a civil action a plaintiff who establishes the material allegations of his petition by a preponderance of the evidence is entitled to recover, and the use of the word "fair" to qualify "preponderance" is condemned.

### 3.—Contributory Negligence—Burden of Proof—Charge.

A defendant alleging contributory negligence has the burden of proof to establish the same, and a charge susceptible of the construction that the plaintiff has the burden of proving his own freedom from negligence is erroneous.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Barrett & Templeton*, for appellant.—Plaintiff's belief was a question of fact, to the existence of which he should have been permitted to testify. Baldridge & Co. v. Cartrett, 75 Texas, 628 and 632; International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 170; International & G. N. Ry. Co. v. Newburn, 58 S. W. Rep., 543-544; Hamburg v. Wood, 66 Texas, 176; Wright v. Solomon, 46 S. W. Rep., 60; 2 Ency. of Evi., pp. 258, 259; Cowans v. Fort Worth & Denver City Ry. Co., 89 S. W. Rep., 1116.

Where the evidence is as sharply conflicting as it was in this case, it is error to instruct the jury on the burden of proof. Western U. Tel. Co. v. Bennett, 1 Texas Civ. App., 558; Paris, M. & S. P. Ry. Co. v. Nesbitt, 11 Texas Civ. App., 608, and authorities there cited; Texas & N. O. Ry. Co. v. Syfan, 43 S. W. Rep., 554.

The use of the word "fair" qualifying the word "preponderance," as used in the court's charge, required the plaintiff to establish his "right to recover" by a greater quantum of proof than the law required of him, and the giving of such instruction in this case constitutes reversible error. Atchison v. Reed, 49 S. W. Rep., 260; Cabell v. Menczer, 35 S. W. Rep., 206; Adams v. Eddy, 29 S. W. Rep., 180.

When an erroneous charge is given, prejudice and injury to the complaining party will be presumed, unless it affirmatively appears that such error was without prejudice. Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 647; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 572; Emmerson v. Mills, 83 Texas, 388; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 344.

*J. M. Chambers, Turner & Boyce* and *Spoonts, Thompson & Barwise*, for appellee.—Appellant's belief as to whether he was invited to use this crossing was immaterial and not binding upon appellee. The question at issue was whether the acts of appellee constituted such invitation. Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241.

The word "fair" as complained of in the second proposition does not require a greater quantum of proof than was required of plaintiff by law; Bryan v. Chicago, R. I. & P. Ry., 63 Iowa, 464 (19 N. W. Rep., 295.)

CONNER, CHIEF JUSTICE.—Appellant appeals for the second time from an adverse judgment in a suit to recover damages for personal injuries charged to have been occasioned by the negligence of the appellee railway company in failing to repair and keep in good condition a crossing over one of its switch tracks in the city of Amarillo. On the former appeal the judgment was reversed because of errors in the court's charge, as will be seen from report of the case, 89 S. W. Rep., 1116.

On this appeal, however, the principal question presented, as we view it, is whether the court properly excluded the evidence hereinafter referred to. In order that the ruling may be understood it should be stated that there was evidence tending to show that on the day of appellant's injury he was engaged in unloading a car situated on a switch track near the terminus of Pierce Street, in the city of Amarillo, and that after having loaded his wagon, he proceeded to cross a side track between the car and the entrance into Pierce Street over a private crossing that had been placed and used by one of appellee's lessees, whose business establishment was located between the two tracks; that as he was passing over the track, a wheel of his wagon fell into a "chug hole," which threw appellant and part of his load off and injured him. Appellee had provided and maintained a crossing one block east of the private crossing referred to, but it was contended on the trial that by reason of the mudhole between this last mentioned crossing and the car, the crossing provided by the appellee could not be conveniently used. Appellant, among other grounds of recovery, presented the issue of an implied invitation to use the Pierce Street crossing. On this issue the court gave the following instruction:

"Or if you believe and find from the evidence that the defendant, its agents, servants or employes placed said car on one of its tracks near said crossing on Pierce Street, intending that it should be unloaded and its contents hauled over said crossing; or, if the car was set by defendant or its servants at such place, and under such circumstances as to induce plaintiff in the exercise of ordinary care to believe—and he did believe—that it was the intention of defendant that such Pierce Street crossing should be used by such person as might unload said car, then in such case it became the duty of defendant to exercise ordinary care to see that said crossing was reasonably safe for the purposes for which it was used or intended to be used, and if you further find from the evidence that defendant failed to exercise such ordinary care and failed to discharge such duty, and that as a proximate result of such failure, if any, plaintiff was injured as alleged in his petition, then you will find for plaintiff; but if you do not so find and believe from the evidence, your verdict should be for the defendant."

In the assignment raising the question to which we have referred in the beginning, it is complained that the court erred in rejecting as immaterial appellant's testimony to the effect that in undertaking to cross at the Pierce Street crossing he believed and relied on the fact that it was expected that he would cross at that place; that he

thought it was the intention and expectation of defendant company that the Pierce Street crossing should be used in unloading the car.

We are of the opinion that under the issue stated, and particularly in view of the charge of the court. noted, the assignment raising the question indicated must be sustained. The state of mind or belief of an actor in an occurrence under consideration often becomes material. In the case before us the evidence raised the issue of an implied invitation to use the Pierce Street crossing, and it seems to us that the "thought in appellant's mind" at the time was an element in the nature of a fact necessary for the determination of the jury. Though the circumstances may have been such as to warrant a person in the exercise of reasonable care and prudence to believe that it was the purpose of appellee's servants in placing the car where they did that those unloading it should use the private crossing, yet, if for any reason, appellant knew or believed to the contrary, he certainly could not claim the benefit of an invitation arising by implication only. Such, in effect, was the charge of the court, and if the charge was correct in this respect, as we think it was, it would seem to follow, as day follows night, that appellant's belief was important. The end to be attained by the proof of every circumstance tending to show an implied invitation was to establish: First, that appellant was thereby induced to believe that appellee intended for him to use the crossing he did; and, second, that the circumstances as a whole warranted the belief. Upon these questions depends appellee's duty in relation to the crossing. In other words, appellant's right to recover on the ground of an invitation is in the nature of a right secured by estoppel, and it is of the essence of an estoppel that the person claiming its benefit was induced thereby to do the thing he did. 2 Pom. Equity, 3d ed., 810; 16 Cyc., p. 738; Waggoner v. Dodson, 96 Texas, 423. Appellant's belief, then, was an essential element of the proposition involved in the issue of an implied invitation, and the court erred in rejecting the evidence referred to.

Without deciding whether the questions would require a reversal, we deem it proper to say that the court's charge on the burden of proof seems certainly subject to the criticism made of it in the second proposition under the third assignment. Approved definitions entitled a plaintiff who alleges a cause of action to recover upon establishing the material allegations of his petition by a preponderance of the evidence, and the use of the word "fair" to qualify "preponderance" has several times been condemned. Atkinson v. Reed, 49 S. W. Rep., 260; Cabell v. Menczer, 35 S. W. Rep., 208. The use of the words "right to recover" in the charge quoted may also have been misleading. Appellant's right to recover was dependent on preponderating evidence in favor of the material allegations of his petition and a finding against appellee's plea of contributory negligence, as to which appellee had the burden of proof. The charge, therefore, seems susceptible of the construction that appellant had the burden of proving his own freedom from negligence.

Paragraph three of the court's charge submitted the issue of an express direction of an authorized servant for appellant to cross the

switch track under consideration, the jury being instructed that in such event the duty of exercising ordinary care to maintain the crossing rested upon appellee, etc.   The paragraph closed, however, with the sentence, "But if you do not so find and believe from the evidence, your verdict should be for the defendant."   The clause quoted seems objectionable in that it excludes the issue of an implied invitation.

We have found no substantial merit in other criticisms of the court's charge nor any error in refusing the special charges, but for error shown in excluding evidence it is ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*