McLAIN v. GALVESTON, H. & H. R. CO. (No. 7379.)

(Court of Civil Appeals of Texas. Galveston. April 12, 1917.)

1. RAILROADS ⬬357—INJURIES TO PERSON ON TRACK—INVITEES.

Where a railroad habitually placed cars upon a commercial track to be there moved by warehouse employés to warehouses for unloading, such an employé engaged in moving cars was not a trespasser or licensee upon the track, but an invitee, as to whom it owed ordinary care to keep its track in safe condition.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1235.]

2. RAILROADS ⬬282(9)—MAINTENANCE OF TRACK—QUESTION FOR JURY.

Where a railroad owned and maintained a commercial track on which it would set loaded cars for unloading, knowing that warehouse employés would move the cars along the track for unloading, the question whether it was negligent in permitting to remain on such track a sliver from one of the rails, which was badly worn from use, was for the jury, in an action by such a warehouse employé for personal injuries from such sliver.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 918.]

3. RAILROADS ⬬282(9)—INJURIES TO PERSONS ON TRACK—QUESTIONS FOR JURY.

Where a warehouse employé was caught on a sliver on a rail while helping to move cars on a commercial track for unloading at a warehouse, the question whether the railroad's negligence in leaving such sliver on the rail was the proximate cause of the injury was for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 918.]

4. RAILROADS ⬬282(9) — ACCIDENT TO PERSON ON TRACK—QUESTION FOR JURY.

In such action contributory negligence held for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 918.]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Calvin McLain against the Galveston, Houston & Henderson Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

F. Spencer Stubbs and James B. & Charles J. Stubbs, all of Galveston, for appellant. McMeans, Garrison & Pollard, of Houston, for appellee.

---

LANE, J. This suit was brought by Calvin McLain against the Galveston, Houston & Henderson Railroad Company to recover damages for personal injuries alleged to have been caused by the negligence of said company.

Plaintiff alleges, in substance, that said company owned and operated a railroad track in the city of Galveston, Tex.; that it had placed cars thereon to be loaded and unloaded at the warehouse of Stolz & Peterson; that said cars so placed upon said track were to be moved to and from the conveyor and loading doors of said warehouse by the employés of Stolz & Peterson as it became necessary to load and unload them at said doors; that the usual and customary method of moving said cars was for the employés of Stolz & Peterson to distribute themselves along the sides and rear ends of the cars to be moved and push them along the track; that it was well known to defendant that this method was resorted to by the employés of Stolz & Peterson; that while plaintiff, under the orders of Stolz & Peterson, was assisting others in pushing one of defendant's cars along defendant's track so as to move it from in front of the warehouse of Stolz & Peterson, a splinter or sliver from a rail of defendant's track pierced his shoe and pants leg and threw him to the ground, and before he could extricate himself and get up another car which was moving slowly along said track behind him ran over and crushed his foot and leg, thereby permanently injuring him; that plaintiff's injury was sustained at a point where defendant's track was out of repair, the rails thereof being broken and splintered; that said defects in said track were known to defendant; and that said defective condition of said track was the proximate cause of plaintiff's injury.

Defendant answered by general denial, and specially pleaded that plaintiff at the time he was injured was an employé of and performing services for Stolz & Peterson, and not for defendant; that plaintiff was injured by the negligence of his fellow servants in moving the car which crushed plaintiff's leg and foot, and not by reason of any negligence of defendant; and that plaintiff assumed the risk incident to the work in which he was engaged.

After the evidence was closed the trial judge instructed the jury to return a verdict for the defendant, which was accordingly done.

By appellant's first and second assignments he insists: First, that the court erred in instructing a verdict for defendant, because the evidence raised an issue as to negligence on the part of defendant for which it was liable; and, second, that the evidence was not sufficient to authorize the trial judge to find that plaintiff was guilty of contributory negligence as a matter of law.

It is shown by the evidence that defendant owned and maintained a side track or commercial track in the city of Galveston leading from its main line track along and adjacent to the warehouses of shippers, among whom was Stolz & Peterson; that in delivering carload shipments of freight to Stolz & Peterson the defendant set the loaded cars in on the side track near the warehouse of Stolz & Peterson for unloading; and that the employés of said firm, by means of a device adopted by Stolz & Peterson for moving and spotting said cars for loading and unloading purposes, in the way of a cable operated by steam power, would pull the cars to the place for loading or unloading. On the day and at the time of the accident which resulted in the injury of appellant an empty car which was standing in front of the warehouse door had to be moved in order that a loaded car could be properly placed at said door for unloading, and this was accomplished in the manner usually pursued by said employés, as follows: The loaded car was pulled by means of the cable down towards and against the empty car, striking it with such force as to start it to moving, and thereupon the appellant and other employés of Stolz & Peterson kept the empty car moving by pushing it. As soon as the impact started the empty car to moving, said employés began pushing on the same, some at its sides, and others, including appellant, at the rear end between the rails of the track, and just in front of the loaded car, which continued its movement by reason of the momentum given it. After the empty car had been moved but a short distance, a sliver from one of the rails of the track, which was badly worn from use, caught the appellant's "pants" or shoe, or both, and he was thereby held until the loaded car ran upon him crushing his leg so as to require its amputation below the knee.

It is further shown that this method of moving empty cars by said employés had been in vogue for a long time, and that in so moving said car they were pursuing the ordinary method adopted by Stolz & Peterson and their employés, and that defendant knew that such method, or some like method, was pursued. It is further shown that the sliver which held appellant had been there for some time, and appellant knew it was there, and had so known for some time before the accident.

[1-3] From these facts above stated we conclude that, when appellee placed cars loaded with freight for Stolz & Peterson on its said side track, it knew that said cars were to be moved over its side track by the employés of Stolz & Peterson for the purpose of unloading same, and that it was contemplated that they would be so moved, by appellee for such purpose, practically as the car which injured appellant was moved, that appellant when injured was not a trespasser or licensee upon appellee's track, but that he was an invitee, and was at said time engaged in performing such services upon said track as was contemplated by appellee (Cowans v.

Railway Co., 40 Tex. Civ. App. 539, 89 S. W. 1116; Railway Co. v. Pennell, 2 Tex. Civ. App. 127, 21 S. W. 275), and that under such circumstances it was the duty of appellee to use ordinary care to keep its track in such condition as not to cause injury to those who were invited by it to enter upon its premises for the purpose of unloading freight which it had placed thereon to be unloaded for Stolz & Peterson. We think the questions as to whether appellee was negligent in permitting the sliver which caught and held appellant to remain on its track where appellant was invited to perform his labors, and whether or not such negligence, if any, was the proximate cause of appellant's injury, were questions which should have been submitted to the jury, and that the court erred in not so submitting them.

[4] We also think the court erred in not submitting to the jury the question as to whether appellant was guilty of contributory negligence. We do not think that the evidence was such as would warrant the court to instruct the jury that appellant was guilty of contributory negligence as a matter of law.

For the reasons pointed out, we think the first and second assignments should be sustained, and that the judgment of the trial court should be reversed, and the cause remanded for another trial; and it has been so ordered.

Reversed and remanded.