MAIBAUM v. BEE CANDY MFG. CO.

(Court of Civil Appeals of Texas. San Antonio. March 6, 1912.)

1. TRIAL (§ 252*)—CONFLICTING INSTRUCTIONS.

Giving defendant's requested charge to find for it, unless the jury found plaintiff's injury was caused by negligence in not furnishing a reasonably safe ladder, was error, as requiring a finding for defendant, there being no evidence the ladder was not safe, though there was evidence to support the ground of negligence, failure to securely place and fasten the ladder, which ground had been submitted by the court's charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. TRIAL (§ 229*)—INSTRUCTIONS—REPETITION.

Repeating in the charge given at defendant's request, and in each paragraph thereof, the fact of the burden of proof being on plaintiff, when the law thereon had been fully set forth in the court's charge, was unnecessary, and, perhaps, injurious to plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Henry Maibaum against the Bee Candy Manufacturing Company. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

Ernest Fellbaum and C. A. Davies, for appellant. Leo Tarleton, for appellee.

FLY, J. Appellant sued appellee for damages, alleging that on or about March 22, 1910, he was an employé of the Artesian Ice Company, and was ordered by his employer to deliver ice to appellee and place it in a certain icebox, and to do so it became necessary to carry the ice, which was in 100-pound blocks, up a ladder a distance of about seven feet to the icebox; that the ladder had been placed in position by appellee against the icebox, and appellee invited appellant and other employés of the Ice Company to carry the ice up the ladder and place it in the box; that while one of the employés of the Ice Company was carrying a block of ice up to the box and plaintiff was on the floor awaiting his turn, "by reason of the defendant's negligence in the manner of placing the said ladder and in the manner of its construction and the manner of its fastening, the said ladder slipped and fell, and threw his coworker, who was upon said ladder, and the block of ice he was carrying to the ground, and said block of ice struck the plaintiff on the right side of his face and head, and on his right arm and leg, and seriously and permanently injured the plaintiff as hereinafter stated." It was further alleged that the ladder was not only insecurely fastened, but that it was improperly constructed of weak and flimsy material, and was in a decayed and rotten condition, and that the ladder slipped, a step broke, and the co-worker and ice fell. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee.

The first and second assignments of error assail the sufficiency of the evidence to sustain the verdict, but, in view of the action of this court in reversing the judgment on other matters hereinafter mentioned, they will not be discussed.

The court in a clear and well-considered charge presented the only ground of negligence that the testimony even tended to support, that as to whether the ladder was securely placed and fastened, but appellee requested the following charge which was given by the court: "(1) The court instructs the jury that unless you believe from the preponderance of the evidence that plaintiff's injuries, if any he received, were directly and proximately caused by an act of negligence, or want of reasonable care on the part of the defendant in providing a reasonably safe ladder upon which the parties placing ice in the icebox of defendant on the 22d day of March, 1910, and further, that such injuries, if any, suffered by plaintiff, were not caused by some act of negligence or want of care on his own part which contributed to the injury suffered by plaintiff, if any, you will find your verdict for defendant; (2) the burden of proving the facts necessary to be proved to entitle the plaintiff to a judgment against the defendant is on the plaintiff to establish by the preponderance of the testimony; and unless you find the facts and each of them submitted in the foregoing charge of this court as necessary to predicate liability on the part of defendant have been so proved by the preponderance of the evidence will

find for the defendant; and (3) if you should believe from the evidence that the defendant failed to provide a safe and proper ladder way upon which parties carrying ice stood in placing ice in defendant's icebox, but further find from the evidence that plaintiff from some act of carelessness, jollity, or fun did some act contributory to the injury, then you will find for the defendant."

[1] The requested charge was in direct conflict with the charge of the court, and under its directions the jury could make but one response, even though they had found that the injuries were inflicted through appellee's negligence in not properly bracing and securing the ladder, for it instructed the jury unless they found that plaintiff's injuries were directly and proximately caused by negligence in not providing a safe ladder they should find for appellee. It amounted to an instruction to find for appellee, as there was no testimony that tended to show that the ladder was not reasonably safe.

[2] It was unnecessary and perhaps injurious to appellant, for the law in regard to the burden of proof and preponderance of evidence to be repeated not only once but twice in the second clause of the requested charge, when the law on that subject had been fully set out in the charge of the court, and the same criticism is maintainable against the third clause which attempted to present the issue of contributory negligence that had been presented in an admirable manner by the court. None of the special charges requested by appellee should have been given to the jury.

For the error indicated, the judgment is reversed, and the cause remanded.