CARL et al. v. SETTEGAST et al. (No. 339.)

(Court of Civil Appeals of Texas. Beaumont. March 27, 1919. Rehearing Denied April 16, 1919.)

1. TRUSTS ⬅44(3) — PAROL TRUST — DEGREE OF PROOF.

A parol trust, to be ingrafted upon a deed absolute upon its face, must be shown by clear and satisfactory evidence.

2. TRIAL ⬅213—INSTRUCTIONS—LAW ON ISSUE.

Ordinarily it is correct to instruct a jury as to what the law is on any particular issue submitted for their consideration.

3. TRUSTS ⬅44(3)—PAROL TRUST—DEGREE OF PROOF.

In an action to ingraft a parol trust upon a deed absolute in form, an instruction that proof must be certain or indisputable, or beyond a reasonable doubt, or of the most convincing and positive character, would be erroneous.

4. TRIAL ⬅237(1)—INSTRUCTION—PROOF REQUIRED—"ESTABLISH"—"PROVE."

In action to ingraft a parol trust upon a deed absolute in form, instruction that plaintiff must "establish" the claimed trust by a preponderance of the evidence to the satisfaction of the jury was not open to the objection that it required certain and indisputable proof; the word "establish" being synonymous with the word "prove."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Establish; Prove.]

5. HUSBAND AND WIFE ⬅273(1)—COMMUNITY PROPERTY — INTERESTS OF SURVIVING HUSBAND AND DAUGHTER.

Upon death of mother, the interest of the father and daughter, who has become of age, in the community estate of the mother and father, is that of tenants in common.

6. TRIAL ⬅229 — INSTRUCTIONS — UNDUE PROMINENCE—PRESUMPTION.

In action to ingraft parol trust upon deed absolute in form, where court has instructed jury as to the presumption in favor of deed in its general charge, the repetition of the statement of the presumption in a special charge was objectionable in giving undue prominence to such presumption.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. APPEAL AND ERROR ☞1064(1)—REVIEW—HARMLESS ERROR—INSTRUCTION.**

In action to ingraft parol trust upon deed absolute in form, instruction giving undue prominence to presumption in favor of deed was harmless, where the evidence overwhelmingly supported the finding that the claimed trust was never created or existed.

**8. TRIAL ☞253(3)—INSTRUCTION — EXCLUDING ISSUES.**

In daughter's action to ingraft parol trust upon her deed to father, reciting that it was a deed of settlement, instruction as to the effect of the failure of consideration *held* not to withdraw from the jury the question of whether consideration mentioned in deed was in fact paid upon the issue of existence of the trust, but merely instructed jury that, if it was determined that trust was not intended, the failure to pay the consideration could not in itself have the effect to constitute the transaction one of trust.

**9. TRUSTS ☞373—ESTABLISHMENT OF PAROL TRUST—INSTRUCTION.**

In daughter's action to ingraft parol trust upon her deed to her father, reciting that it was a deed of settlement as to community property upon the mother's death, where failure to pay the consideration named was alleged and testified to, court properly instructed jury that, if it was proved that no trust was intended, the failure to pay consideration named did not in itself constitute the transaction one of trust.

**10. TRUSTS ☞373—PAROL TRUST—ACTION TO ESTABLISH—INSTRUCTION.**

In daughter's action to ingraft parol trust on deed to her father, where she alleged and testified that deed was procured by fraud, and where attack on deed upon ground of fraud was barred by statute of limitations, court properly instructed that suit was not brought to set aside for fraud, and that plaintiff could not recover unless it was proved that the deed was not in fact, as it recited, a deed of settlement between the parties.

**11. APPEAL AND ERROR ☞1064(1)—REVIEW—HARMLESS ERROR—INSTRUCTION.**

In daughter's action to ingraft parol trust upon her deed to father, reciting that it was a deed of settlement between the parties, instruction that daughter could not recover unless it was proved that deed was not one of settlement, as recited on its face, if error, was harmless, where a finding that a trust was never created or existed was overwhelmingly supported by the evidence.

**12. NEW TRIAL ☞104(2)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.**

Motion for new trial for newly discovered evidence was properly denied, where the same character of evidence had been given on the trial by other witnesses; such evidence being merely cumulative.

**13. APPEAL AND ERROR ☞1072—REVIEW—HARMLESS ERROR—DENIAL OF NEW TRIAL.**

Overruling of motion for new trial for newly discovered evidence was harmless, where it is manifest, from answers made by jury to several of special issues submitted, that such evidence would not have been believed by jury, and would not have changed result of trial, and where the finding of the jury with such evidence admitted would still have been overwhelmingly supported by facts.

**14. NEW TRIAL ☞101—NEWLY DISCOVERED EVIDENCE.**

Alleged newly discovered evidence as to declaration made by defendant cannot be said to have been newly discovered after trial, where plaintiff was in fact present at time such declaration was made.

**15. TRIAL ☞388(2)—FINDINGS OF FACT AND CONCLUSIONS OF LAW—FILING.**

Under Rev. St. art. 1989, where trial is by jury and case submitted upon special issues, to which jury returned their answers, and judgment of court upon motion of defendants was entered upon such verdict in their favor, court was not required to file findings of fact or conclusions of law.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Adelina Carl and husband against J. J. Settegast, Jr., and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

George S. King and John C. Williams, both of Houston, for plaintiffs in error.

Baker, Botts, Parker & Garwood and J. W. Lockett, all of Houston, for defendants in error.

HIGHTOWER, C. J. This cause was tried in the district court (Eleventh judicial district) of Harris county, and on March 29, 1916, resulted in a judgment in favor of the defendants in the suit. The plaintiffs sued out a writ of error to the Court of Civil Appeals for the First District, at Galveston, and after pending in that court for some time the cause was transferred to this court by order of the Supreme Court of this state, and was submitted in this court just before adjournment last summer. The record is a most voluminous one, and the amount or value of property involved is quite large. Hereafter, in the opinion, for brevity, we shall refer to the plaintiffs in error as "appellants" and to defendants in error as "appellees."

We find in the brief of appellants a very clear statement of the pleadings of the parties, and, while such statement only summarizes the pleadings, it will suffice for the purposes of this opinion, since no question on the pleadings, as such, is involved on this appeal. The statement follows:

This suit was brought by Adelina Carl, joined pro forma by her husband, Fred Carl, against Arthur J. Binz, Melana Settegast, and her husband, J. J. Settegast, Jr., in the ordinary form of a suit for partition—the

second amended original petition, upon which the case went to trial, alleging:

That Adelina Carl was the daughter of Jacob Binz by his first wife, Anna Binz. That Arthur J. Binz and Melana Settegast were the son and daughter of Jacob Binz through a second marriage, and they were sued as legatees and devisees under the will of Jacob Binz, deceased, for a partition of the properties belonging to him at the time of his death, which occurred in March, 1913, plaintiff in error alleging that she was the owner of an undivided one-fourth interest in such properties, and that each of the defendants in error was the owner of an undivided three-eighths interest therein. That the mother of plaintiff in error died May 31, 1870, at which time she and the father of plaintiff in error, Jacob Binz, owned community property consisting of lots Nos. 6 and 7 in block No. 56, at the corner of Main street and Texas avenue, upon which is situated the Binz Building, in the city of Houston; also lots Nos. 9, 10, and 11 in block No. 367 of the city of Houston, fronting 100 feet on Pease avenue by 150 feet on San Jacinto street; also one-half of lot No. 9 and 25x100 feet of lots Nos. 4 and 5 in block No. 14 of the city of Houston; also 35½ acres out of Obedient Smith survey in Harris county, being lot No. 43 of said survey; also 6 acres in the A. C. Reynolds subdivision of the Obedient Smith survey; also 640 acres in Limestone county, and the east one-half of lot 11 in block 561 in the city of Galveston, together with personal property. That plaintiff in error was their only child, being about 10 years of age at the time of her mother's death. That there was no guardianship or administration after her mother's death, but that her father, being her only relative in Texas at the time, as her natural guardian, continued to handle the community estate for the joint use and benefit of himself and the plaintiff in error, collecting rents and revenues therefrom, with which he purchased other property during the minority of plaintiff in error. That on May 18, 1882, on her twenty-second birthday, plaintiff in error executed to her father, Jacob Binz, at his special instance and request, the following instrument:

"Know all men by these presents that I, Adelina A. N. T. Binz, daughter of Jacob Binz, and his deceased wife, Anna Binz, of the city of Houston, in the state aforesaid, for and in consideration of four thousand dollars to me in hand paid by Jacob Binz and the further consideration of a life insurance policy No. 60421 in New York Life Insurance Company for $10,-000.00, have granted, bargained, remised, released, and conveyed, and by these presents do grant, bargain, remise, release, and forever quitclaim, unto the said Jacob Binz, his heirs and assigns, all my right, title, and interest to which I may be entitled as heir of my deceased mother in and to the following described property lying and being situated in the state of Texas, viz.:

"Lots numbered six (6) and seven (7), in block number fifty-six (56), in the city of Houston, on south side of Buffalo bayou, in county of Harris; also lots numbers nine (9), ten (10) and eleven (11) in block number three hundred and sixty-seven (367) in the city of Houston, on south side of Buffalo bayou, in county of Harris; also one-half (½) of lot number nine (9) and twenty-five (25) feet by 100 feet off of lots numbers four (4) and five (5) in block number fourteen (14) in the city of Houston, on the south side of Buffalo bayou, in Harris county; also east one-half (E. ½) of lot number eleven (11) in block number five hundred and sixty-one (561) in the city of Galveston, county of Galveston; also 35½ acres of land, being lot number forty-three of the subdivision of Obedient Smith survey in Harris county; also six (6) acres of land out of the Runnels addition or subdivision of O. B. Smith survey in Harris county; also 640 acres of land out of grant to B. B. B. & C. R. Co., in Limestone county.

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Jacob Binz, his heirs or assigns, forever. This deed being intended as and is a full release and conveyance to said Jacob Binz of all my right, title, and interest and claim as heir of my deceased mother, Anna Binz, in the community property or estate of my deceased mother, in full satisfaction, discharge, and release of any and all claims and demands that I may or can have against said Jacob Binz by, through, or on account of said community interest, or as heir of my deceased mother, but do not assign my right of inheritance in my father's estate.

"In witness whereof I hereunto set my hand and seal this 18th day of May, A. D. 1882.

"[Seal.]                    Adelina Binz."

The acknowledgment to this instrument was in statutory form.

That defendants in error claimed to own the entire properties through such purported deed of settlement and the last will of Jacob Binz, he having purchased the interest of an only son of the mother of plaintiff in error by a former marriage, but that the purported deed of settlement of May 18, 1882, was not intended by either Jacob Binz or plaintiff in error to pass the title of her interest in the community estate of her mother and Jacob Binz to him, but was executed at his special instance and request, just after she had reached her majority, for the sole purpose of creating a trust in Jacob Binz for the benefit of plaintiff in error to the extent of a one-fourth interest in said properties, and in order that her father could continue to hold the community estate together, and to handle and manage and control the same for the joint use and benefit of himself and plaintiff in error, the same as he had done during the time intervening between her mother's death and the execution of such deed; it being specifically agreed and understood between them at the time of the execution of such instrument that such was its only purpose. That under the terms of such trust her fa-

ther was to continue to handle, manage, and control such estate, to buy properties and add thereto, and to sell such of the properties as he saw fit, and to finally, at or before his death, as plaintiff in error might desire, account and pay over to her her one-fourth interest in such properties and the accumulations which might accrue through the management and control of the same by her father under the terms of such trust. That such instrument was executed without consideration paid, and that her father had exercised the powers of such trust in the handling of the trust properties from the date of such deed until the time of his death, without having ever repudiated the same, and had succeeded in accumulating, for the benefit of such trust, vast amount of real and personal property, of the value of about $2,000,000; the properties belonging to such trust, and in which plaintiff in error owned an undivided one-fourth interest, being minutely described in her petition.

The prayer was for judgment for one-fourth of such properties and for certain rents derived therefrom, all of which was fully set forth in the petition.

The defendants in error answered that the purported deed of May 18, 1882, was absolute and unconditional, was obtained by Jacob Binz for a valuable consideration paid, to wit, certain notes, of the value of $4,000, and a paid-up life insurance policy in the New York Life Insurance Company, in the sum of $10,000, both of which it was alleged plaintiff in error accepted as full and complete consideration and payment for her interest in the community estate of her mother and Jacob Binz, and then through the last will of Jacob Binz, by the terms of which, with the exception of certain specific bequests to plaintiff in error, all of the residue of the estate of Jacob Binz was bequeathed to them; that if such instrument was executed for the purposes of a trust, as alleged by plaintiff in error, the same had through numerous transactions, in their answer specified, been by Jacob Binz repudiated, of which plaintiff in error had notice; the statute of limitation of 2, 3, 4, 5, and 10 years; defense of stale demand; that by the deed of May 18, 1882, there was a partition of the community estate of Jacob Binz and his first wife, between Jacob Binz and plaintiff in error, which had been acted upon and ratified; and that plaintiff in error was put to an election under the last will of Jacob Binz, and had elected to accept its terms, and therefore she had no interest in such properties and could not recover.

Defendants in error also filed a cross-action, alleging that plaintiff in error's suit was, in effect, a contest of the will of Jacob Binz, which provided that in the event of a contest by her, she should forfeit the legacies therein bequeathed to her, and through such cross-action undertook to recover the legacies received under such will.

Plaintiff in error replied by general denial and a special denial of all the affirmative defensive allegations contained in such answer.

The case was tried with a jury, and was submitted upon numerous special issues. The jury returned a verdict against plaintiff in error, and on this verdict both parties moved for judgment, that of plaintiff in error being denied, and that of defendants in error being granted, and judgment was rendered to the effect that plaintiffs in error take nothing by the suit, and that defendants in error recover of plaintiffs in error all the properties involved in the suit and described in plaintiffs in error's petition; the defendants in error having, in the meantime, dismissed their cross-action upon the coming in of the verdict.

We find in appellants' brief a preliminary statement of the evidence bearing on the issue of whether or not it was intended by Jacob Binz and his daughter, Adelina, to create a trust in the lands at the time of the execution of the deed of May 18, 1882, as claimed by appellants, and such statement purports to and does fairly state all the direct and positive evidence bearing on that issue, both for appellants and appellees; but it does not include or purport to include the numerous circumstances in evidence which tend to support the contention of appellees that there was never created such trust as claimed by appellants. Therefore we shall not attempt in this opinion to follow this preliminary statement of such evidence, although fair as far as it goes, because we could not do justice to appellees without also letting the opinion reflect and show the many circumstances that the jury were authorized to consider in favor of appellees on this issue, and in order to let our opinion reflect all these circumstances it would make it of such length as to forbid our undertaking to do so.

We will say this much, however, at this point: The evidence as a whole on behalf of appellants, when construed most favorably to them, and under the liberal rule obtaining in this state, was sufficient to raise the issue for the determination of the jury as to the creation of the parol trust contended for by appellants. We will also add, however, that in our opinion the evidence as a whole clearly preponderates against appellants' claim of parol trust, and overwhelmingly, when all the circumstances in connection with the positive testimony are considered, preponderates in favor of the finding of the jury that there was no parol trust, as claimed by appellants.

There are some 56 assignments of error in appellants' brief, but we shall not, of course, attempt to discuss them all, and, indeed, the

length to which this opinion would have to go in order to do so would forbid the attempt. Some of these assignments raise nice and interesting questions in the abstract, but most of them, in view of the facts and circumstances in this case and the verdict of the jury in answer to the many special issues submitted, become clearly immaterial, and, if errors are shown thereby, they were clearly harmless.

After a very thorough and careful study of this case, greatly aided as we have been by the exhaustive and splendid briefs of counsel for both sides, we have reached the conclusion that no reversible error has been pointed out, and that it is the duty of this court to affirm the judgment of the trial court.

We shall only mention or discuss specifically such assignments of error as in our opinion raise the most serious questions and go to the vitals of this case. We believe the first assignment of error to be one of this character. This assignment challenges the action of the trial court in submitting to the jury, as a part of the law of the case, special charge No. 4 requested by appellees and which was given, over the objection and exception of appellants. This special charge was as follows:

"The jury is instructed that, before the plaintiff can recover herein, she must establish clearly and by a preponderance of the evidence the alleged secret parol trust which she now seeks to ingraft upon the deed made by her to her father May 18, 1882, and the burden of proof is upon her to show by a preponderance of the evidence, and to establish clearly to the satisfaction of the jury, that the deed above referred to was given for some purpose other than the purpose expressed upon its face and by its language; and unless the jury finds from a preponderance of the evidence that the proof offered meets these legal requirements question No. 1 should be answered in the negative."

Question No. 1, referred to in this special charge, and which had been propounded by the court to the jury, was this:

"Was it the mutual understanding and intention of the parties to said instrument of May 18, 1882, at the time of its execution and delivery, that it should convey whatever interest, if any, plaintiff, Adelina Carl, then Adelina Binz, had in the properties therein described to Jacob Binz, in trust, as this term has been explained to you, for the plaintiff's (Adelina Carl's) benefit?"

The trial court, in its main charge, had already instructed the jury as follows:

"The burden of proof to show that it was the intention and understanding of the parties at the time that such deed should operate as a trust, or that the grantee in such deed stated and represented to the grantor that such was the effect and purpose of such deed, and that the grantor therein believed and relied upon such statements and representations, and was induced thereby to execute and deliver such deed, rests upon the party so asserting such trust, and the evidence to establish that such was the intention must be shown by a preponderance of the evidence to your satisfaction."

Appellants, before special charge No. 4 requested by appellees was given to the jury, filed written exceptions and objections thereto as follows:

"(a) Because the same is an undue repetition of the presumptions that would obtain, and places too great a burden upon plaintiffs, in view of the facts of this case; the court having fully in his main charge, and in other special charges, clearly instructed the jury that the deed is presumed to have contained the intention of the parties.

"(c) Because the same singles out a particular fact and holds out too prominent before the jury the issues already presented, and. is a charge upon the weight of the evidence.

"(d) Because the same is contradictory of the other portions of the charge, wherein the jury is instructed that they could take into consideration all the facts and circumstances in determining their answers to the issues submitted."

All these objections were by the trial court overruled, and appellants reserved their bill.

The first proposition under this assignment is as follows:

"Where a parol trust is sought to be ingrafted upon a deed absolute upon its face by evidence, other than by subsequent declaration of the deceased trustee, the party so seeking to establish such trust is required to do so only by a preponderance of the evidence, and a charge which requires such trust to be established clearly, to the satisfaction of the jury, places a far greater burden than is required by law, and constitutes such material error, to the prejudice of the party asserting such trust, as requires reversal of the judgment predicated upon the answers of the jury to the vital issue at which such charge was directed."

There is a second proposition, also, under this assignment; but, if the first cannot be sustained, we have no doubt that the second should be overruled.

As sustaining the contention made by this assignment and proposition advanced thereunder, appellants rely mainly upon the following authorities: 1 Greenleaf on Evidence, § 2; Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842; Baines v. Ullmann, 71 Tex. 529, 9 S. W. 543; Brewer v. Doose, 146 S. W. 325; Moore v. Stone, 36 S. W. 909; Peden I. & S. Co. v. Jaimes, 162 S. W. 965; Rider v. Hunt, 6 Tex. Civ. App. 238, 25 S. W. 315; McBride v. Banguss, 65 Tex. 174; McCarty v. Railway Co., 21 Tex. Civ. App. 568, 54 S. W. 421; Smith v. Eastham, 56 S. W. 219; Bank v. Myer, 23 Tex. Civ. App. 302, 56 S. W. 213; Palm v. Chernowsky, 28 Tex. Civ. App. 405, 67 S. W. 165; Pierce v. Fort, 60 Tex. 471; Neyland v. Bendy, 69 Tex. 711, 7 S. W. 497; Howard v. Zimpelman, 14 S. W. 59; Mortgage Co. v. Pace, 56 S. W. 377; Muckelroy v. House, 21

Tex. Civ. App. 673, 52 S. W. 1038; Ellerd v. Ellison, 165 S. W. 876; Atkinson v. Reed, 49 S. W. 260; Cowans v. Railway Co., 49 Tex. Civ. App. 463, 109 S. W. 403; Railway Co. v. Brazzill, 72 Tex. 237, 10 S. W. 403; Van Geem v. Oil Mill, 152 S. W. 1108; Railway Co. v. Duncan, 55 Tex. Civ. App. 440, 121 S. W. 367; Maibaum v. Candy Co., 145 S. W. 313; State v. Haley, 142 S. W. 1003; Pettithory v. Clarke & Courts, 139 S. W. 989; Mayfield v. Gause, 164 S. W. 927.

In this connection it is contended by appellants that the burden of proof placed upon them by the special charge complained of has never been tolerated by any of the courts of this state; and they further assert that it is elementary that the plaintiff in any given case is only required to establish the facts relied upon for a recovery by a preponderance of the evidence. They contend that the charge in this case required appellants to "establish" absolutely, and further that the charge complained of really required that the trust claimed be established "beyond a reasonable doubt." They further contend that the courts of this state have never upheld a charge which requires the plaintiff to "establish" his case by a preponderance of the evidence "clearly to the satisfaction of the jury."

The first counter proposition made by appellees in reply to appellants' first assignment of error is as follows:

"The lower court did not err in giving special charge No. 4 requested by defendants. In order to ingraft a parol trust upon a deed which upon its face is an absolute and unconditional conveyance, the law requires that the jury be instructed as to the legal effect of the instrument, and that the trust be clearly established to the satisfaction of the jury. A mere preponderance of the evidence is not sufficient, but in such a case the law requires that the proof of the trust must be clear, definite, unequivocal, and explicit, and that nothing he left to conjecture."

In support of this counter proposition, appellees cite the following authorities: Henslee v. Henslee, 5 Tex. Civ. App. 367, 24 S. W. 321; Howard v. Zimpelman, 14 S. W. 59; Markham v. Carothers, 47 Tex. 28; Cunio v. Burland, 1 Posey, Unrep. Cas. 470; King v. Gilleland, 60 Tex. 274; 39 Cyc. 84; Neill· v. Keese, 5 Tex. 28, 51 Am. Dec. 746; Mead v. Randolph, 8 Tex. 199; Miller v. Thatcher, 9 Tex. 484, 60 Am. Dec. 172; Cuney v. Dupree, 21 Tex. 218; Grooms v. Rust, 27 Tex. 235; Hall v. Layton, 16 Tex. 265; Moreland v. Barnhart, 44 Tex. 283; Hughes v. Delaney, 44 Tex. 532; A. M. & B. Asso. v. Brewster, 51 Tex. 261; Pierce v. Fort, 60 Tex. 471; Miller v. Yturria, 69 Tex. 554, 7 S. W. 209; Neyland v. Bendy, 69 Tex. 712, 7 S. W. 497; Torrey v. Cameron, 73 Tex. 591, 11 S. W. 842; Palm v. Chernowsky, 28 Tex. Civ. App. 406, 67 S. W. 166; Prather v. Wilkens, 68 Tex. 190, 4 S. W. 252; Baylor v. Hopf,

81 Tex. 641, 17 S. W. 230; Smith v. Eastham, 56 S. W. 218; Pace v. Am. F. & M. Co., 17 Tex. Civ. App. 506, 43 S. W. 36; Am. F. & M. Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 390; Ellerd v. Ellison, 165 S. W. 878; Muckelroy v. House, 21 Tex. Civ. App. 673, 52 S. W. 1038.

[1] We think that it might be correctly stated at the outset that, in order to ingraft a parol trust upon a deed absolute upon its face, the law of this state requires that such trust must be shown by clear and satisfactory evidence. We think that a careful reading and study and analysis of the decisions of this state will lead to such conclusion in the mind of any lawyer. But in this case the question is not what quantum of proof the law requires in order to ingraft a parol trust upon an absolute deed, but the question here is: How far can the trial court go in its instructions to a jury as to the character or quantum of proof required where such issue is involved?

While, as stated in the beginning of this opinion, this suit was in form one for partition, yet, before any character of partition or other character of relief could have been had by appellants, it was necessary to ingraft upon the deed of May 18, 1882, executed by Adelina Carl to her father, Jacob Binz, a parol trust; and therefore we say that the primary object and purpose on the part of appellants in bringing this suit was to obtain a decree establishing that such conveyance by Adelina Carl to her father, Jacob Binz, was intended only as a trust, as alleged by her.

More than 30 years had elapsed since the execution of this deed before the attempt to ingraft the parol trust was made, and then not until after the death of the claimed trustee, Jacob Binz, and the evidence by which it was sought to establish such trust was, substantially speaking, that of Adelina Binz, now Carl, that there was such a verbal agreement between herself and father at the time of the execution of such deed, and also by evidence on the part of others to the effect, in substance, that Jacob Binz, during his lifetime, on a number of occasions declared to such witnesses that he was holding Mrs. Carl's interest in her mother's estate in trust for her, or made statements which would tend to show that he was so holding his daughter's interest in said estate for her.

We do not understand that there is any claim or pretense that any evidence in writing in support of such claimed trust ever existed; but, if there be any such claim, it is not only not reflected by this record, but, as we view it, such claim is refuted by the record in toto.

[2] We have said that it cannot be successfully denied that the law of this state requires clear and satisfactory evidence be-

fore a parol trust will be permitted to be ingrafted upon a deed absolute upon its face, and we understand this to be so, regardless of the length of time that may elapse between the execution of such a deed and the attempt to establish such trust; and since, ordinarily, it is correct to instruct a jury as to what the law is upon any particular issue submitted for their consideration, it would seem but logical and reasonable that a trial court, in a case tried by a jury, involving such issue, should be permitted to tell the jury in the charge that, before they would be warranted in finding such a deed to have been intended only as a conveyance in trust, they must believe that the evidence bearing upon that issue was clear and satisfactory in favor of the claimed trust. We admit, however, that much confusion and seeming contradictions will be found in the decisions of this state on this question, and just how far a trial court may go in its charge to the jury on such an issue is not easy to be determined by reason of this confusion, and, in some instances, loose expressions found in such decisions.

Because of the fact that the assignment now under discussion is, in our opinion, the most vital one presented by this record, we have deemed it proper to review, as far as we might be reasonably expected to do so, the authorities cited by counsel for both sides on this question. We take them cited by appellees first, because most of them are earlier cases than those cited by appellants.

In Henslee v. Henslee the charge was:

"Before the plaintiff can recover in this action, he must show his right to do so by a preponderance of the evidence; and on the question of John W. Terry's property in trust for Margaret Terry, as alleged in plaintiff's petition, that fact must be *established with clearness and certainty.*"

The appellate court, discussing this charge, said:

"We have found no case where such language as complained of has ever been held sufficient to cause the reversal of a cause involving the questions herein. The effort in this case is an attempt to ingraft by parol a trust upon a deed absolute upon its face. Where *such* is the case the authorities all hold that, in order to establish it, the proof must be *clear* and *certain.* The law requires a trial judge to charge the jury the law of the case. If this degree of proof is required to establish this fact, then the jury should know it, and such a charge is *not* error."

39 Cyc. 84:

"A higher degree of proof than a mere preponderance of the evidence is required to establish an express trust. Some of the cases go to the extent of requiring the evidence to be so conclusive as to exclude all reasonable doubt; but the more common requirement is that the evidence be clear, explicit, and convincing, not only as to the existence of the trust, but as to its terms and conditions. The rule requiring the evidence to be clear and satisfactory is especially applicable where the trust is attempted to be proved by parol evidence, as well as where it is sought to convert into a trustee a person holding the legal title to property ostensibly as absolute owner; and the rule also has especial application after the lapse of a great length of time, or where some of the parties to the alleged trust are deceased. An express trust cannot be established by vague and uncertain evidence, or loose, equivocal and indefinite declarations, and, while admissions may be considered and given weight, this should be done with great caution."

Neill v. Keese:

In this case the appellate court said:

"Whether, after the death of the nominal purchaser, parol evidence alone is admissible to establish the trust, against the express declaration of the deed, has been a subject of controversy; but it is now settled that such proof is admissible. * * * But the question here is, not simply whether parol evidence is admissible, but whether the naked declaration of the deceased, of itself, and without proof of the payment of the purchase money, is sufficient to establish title in the defendant. And we are of the opinion that it is not."

It has been ruled by Chancellor Kent:

"The cases uniformly show that the courts have been deeply impressed with the danger of this kind of proof, as tending to perjury and insecurity of paper title, and they have required the payment by the cestui que trust to be *clearly* proved."

Mead v. Randolph:

It was said by Chief Judge Hemphill:

"What evidence shall be sufficient to establish such trust? * * * It must be *clear* and *satisfactory,* and such as could be reasonably attainable under the circumstances of the case."

Miller v. Thatcher:

Judge Lipscomb, speaking for the court, said:

"The question * * * as to the sufficiency of the proof to establish the trust, by the confession of the defendant, * * * has been a good deal discussed in England and in this country. On this subject, Chancellor Kent * * * uses the following language: 'The cases uniformly show that the courts have been deeply impressed with the danger of this kind of proof, as tending to perjury and insecurity of paper title; and they have required the payment by the cestui que trust to be *clearly* proved. * * * It would be easy to multiply cases of the like caution and discretion; and the only inquiry is, whether here is not *convincing* and *satisfactory* proof' sufficient to establish the trust."

And further in the same opinion:

"We believe the same proof—that is to say, as *certain* and *satisfactory*—should be required to prove an express trust as to establish a resulting one."

Cuney v. Dupree:

Judge Roberts, speaking for the court, said:

"It has been held that, although reduced to writing, a verbal trust may be shown to have been annexed to the contract. To be enforced, however, a rule of equity requires that it shall be established with *clearness* and *certainty*. Otherwise men would have no security that contracts would stand after they had been reduced to writing with the greatest consideration and solemnity. So guarded have the rules been on this subject, that such verbal trust will not be held to have been *clearly* and *certainly* established by the direct testimony of one witness, swearing to the admissions of the alleged trustee, unless his testimony be confirmed by corroborating circumstances."

Grooms v. Rust:

Judge Moore, speaking for the court:

"That a deed absolute upon its face may be shown by parol to be intended as a trust" is admitted; "but the courts will scan testimony offered for this purpose, with a strict and scrutinizing eye, and if in all respects it is admissible for the purposes of proof within the rules by which the courts are governed upon this subject, it must also be sufficient to establish the trust with *clearness* and *certainty*."

Moreland v. Barnhart:

The court said:

"That a deed absolute on its face may be shown by parol to be intended as a trust has been often decided by this court. The trust must be shown with *clearness* and *certainty*, and in such cases it has been held that it must be shown by the testimony of more than one witness, unless his testimony be confirmed by corroborating circumstances."

Hughes v. Delaney:

It was said:

"We are of opinion that the evidence to support the allegations" with reference to the alleged trust "failed to show with sufficient *certainty* and *clearness* that * * * Stringfellow took the land in trust * * * as alleged in the petition."

Markham v. Carothers:

The trial court charged the jury as follows:

"The deed read in evidence * * * vested the legal title to the property in Carothers, but it is competent for the intervener to show by verbal evidence that * * * Roundtree * * * furnished half the purchase money; * * * and in such case Carothers would hold half the property in trust for the intervener. 'But to establish a trust in intervener's favor, the law requires that the evidence must be *clear* and *satisfactory*, and such as could be reasonably attainable under the circumstances of the case. The legal title being in Carothers' estate, a verbal trust, to be enforced, must be established with *clearness* and *certainty;* for otherwise, men would have no security that contracts would stand after they have been reduced to writing with the greatest consideration and solemnity. * * * But if the evidence, with

211 S.W.—33

*clearness* and *certainty*, shows a trust in intervener's favor, she is entitled to have it enforced under the law. By *clearness* and *certainty*, as above charged, is not meant absolute certainty, but the trust should be established with clearness and beyond a reasonable doubt.' "

The Supreme Court, speaking through Associate Justice Gould, in discussing this charge of the trial court, said:

"In so far as the jury were instructed that a verbal trust in lands must be established with *clearness* and *certainty*, *the charge was correct and appropriate*. The principle involved is one of the first importance to the stability. and certainty of titles, and it is a principle which it is the duty of the court to enforce by granting new trials, where it has been disregarded by. juries. But it may be questioned whether, in defining *clearness* and *certainty* as meaning that 'the trust should be established beyond a reasonable doubt,' the court did not use an expression so familiar to the criminal law as to make it inappropriate, and liable to be misunderstood in the connection used."

As strong as the charge above quoted was, the Supreme Court did not reverse the judgment on that account, but for other reasons. Association v. Brewster:

"Although it is a settled law of this court that a trust can be shown by parol evidence to have attached to the legal title, it is also well settled that the same cannot be established except by *clear* and *satisfactory* testimony."

King v. Gilleland:

Chief Justice Willie, speaking for the court:,

"Not only was the burden of proof upon the plaintiffs to trace the separate means of the wife into the purchase of the land, * * * but the law requires that this shall be done by *clear* and *satisfactory* evidence. * * * Perhaps there is no fact which, in the trial of civil causes, is required to be so satisfactorily proved as that which ingrafts a parol trust upon the legal title. * * * Whilst it is not necessary that it should be established beyond a reasonable doubt, nothing must be left to conjecture, nor must presumptions be indulged which are not the usual and almost necessary deductions from the facts proved. After a great length of time has elapsed, and parties have held possession of the land for years under the legal title without question, and the witnesses who might have established their right to such possession beyond all controversy are dead, they should not be readily disturbed by evidence within the knowledge of .living witnesses which raises a presumption in favor of the trust, when, if deceased witnesses could be heard to speak, such presumption might be easily rebutted."

Pierce v. Fort:

"That a deed absolute on its face may be shown by parol to be intended as a trust, has been often decided by this court. The trust must be shown with *clearness* and *certainty*, and in some of the cases it has been held that it must be shown by the testimony of more than one witness, unless his testimony be confirmed by corroborating circumstances."

Further on:

"In the late case of Gaines v. Exchange Bank, decided at Austin in 1882 [1 Law Reporter, 477], it was held that this technical rule was applicable *only to cases in which it was sought to establish the trust by proving the declarations of a deceased trustee, or where the trustee was testifying to the trust in his own interest.*"

Miller v. Yturria:

"At the request of the plaintiffs, the court charged the jury 'that the burden of proof to establish that the documents in evidence constitute a mortgage, is upon defendant, and she is required to establish the same as a mortgage by *clear* and *convincing* proof, and if you are not satisfied by such evidence that the same is a mortgage, and not a conditional sale, you will find for plaintiff.' * * * It has been held by this court that, in order to establish that an absolute deed is intended as a mortgage, it must be proved with *clearness* and *certainty;* * * * and we think this rule applies also to an instrument which clearly shows upon its face a conditional sale. But the propriety of giving this rule in charge to the jury is not so well established. * * * The expression 'clear and convincing proof' is a very strong one; and if the evidence had left a proper determination of the case less certain, we *might* hold it reversible error. But here the agreement clearly expresses the intent of the parties."

Neyland v. Bendy:

"Defendant requested the court to charge the jury that, 'in order to make a deed of trust out of a deed absolute on its face, or to ingraft a parol trust upon such absolute deed, *it requires the clearest and most positive proof of such fact,* and unless plaintiff has made such proof you will find for defendant.' The refusal to give this charge was assigned as error. Such a degree of proof has never been required by the courts of this or any other state, so far as we are advised, and it was properly refused. The court had already charged the jury that the burden was on the plaintiff to establish the alleged parol trust to the satisfaction of the jury. If the jury was satisfied, the trust must necessarily have been fully and clearly proven, and no further charge on the subject was necessary."

Torrey v. Cameron:
The court said:

"This evidence tended to show clearly a trust. The court correctly charged the law of resulting trusts except as to the degree of proof required in tracing the wife's separate estate. Upon this point the following instruction was given: 'When separate property has undergone mutations and changes it is indispensable, to maintain its separate character, that it be *clearly* and *indisputably* traced and identified.' We think this was error. We do not doubt that the trust property or fund must be clearly traced. * * * But when the train of transfer has been clearly shown we do not think that the consideration of each conveyance need be indisputably proved."

The attempt in that case was to establish a resulting trust.

Palm v. Chernowsky:
Opinion by Judge Pleasants, of the Galveston Court:

"The evidence in the case is conflicting upon the issue as to whether the deed to the property * * * was in fact only a mortgage which had been discharged. * * * Such being the state of the evidence, the trial court instructed the jury as follows: 'The deed is regular in form, sufficient to convey the title and to constitute a sale of the land, and unless the defendants show, by *proof positive, certain, and satisfactory,* that it was the intention of the parties at the time of the execution that it should be a mortgage, * * * then you shall find for the plaintiff.' * * * While it has been frequently held by our courts that, to authorize a finding by a court or jury that a deed absolute on its face was only intended to operate as a mortgage, such intention must be shown by the evidence with *clearness* and *certainty*, it is now well settled that it is not proper to so instruct the jury."

Prather v. Wilkens:
The Supreme Court, speaking through Judge Gaines: The trial court had given this charge:

"The instrument executed by defendant and wife to plaintiff, being a deed of conveyance, * * * it will be so regarded by you, unless the preponderance of evidence clearly shows that the same was intended by the parties at the time of the execution to operate as a mortgage, and, unless you are so satisfied, from the evidence, that it was intended by the parties to said deed, you will find for the plaintiff."

In discussing this charge, the appellate court said:

"We think this assignment well taken. If the contract, which was executed at the date of the deed, did not clearly show whether it was a mortgage or not (and this we cannot determine, because it is not copied into the record), it was sufficient for defendant to show that it was intended as such, by a preponderance of evidence. The use of the word '*clearly*' was calculated to induce the jury to believe that more than this was requisite. The error is more pronounced in the latter part of the instruction, which, in effect, tells the jury to find for plaintiff, unless they are clearly satisfied, by a preponderance of evidence, that a mortgage was intended."

It seems that the instrument in question was not in the record in that case, and that fact is alluded to by the court in the opinion. It appeared also from the record in that case that all the parties to the contract were still alive and testified in the case. The issue to be determined in that case was whether the instrument in question was intended by the parties as a deed of conveyance, or whether it was only a mortgage. A few years after Prather v. Wilkens was decided, the case of Howard v. Zimpelman, 14 S. W. 59, was before that court, and Justice Gaines, who had written the opinion in Prather v. Wilkens, also wrote the opinion in Howard v. Zim-

pelman. In the last-mentioned case an effort was being made to ingraft a parol trust upon a deed absolute on its face after the death of one of the parties to the instrument, and during the course of the opinion in that case, Judge Gaines, referring to Prather v. Wilkens, used the following language:

"In Prather v. Wilkens, 68 Tex. 190, 4 S. W. 252, it was decided that a charge" requiring "more than a preponderance of evidence was erroneous, but the question then was whether a certain instrument was a conditional sale or a mortgage."

### Howard v. Zimpelman:

This was a suit brought by Zimpelman against the heirs of one Charles Howard, deceased, for, the purpose of proving for record an instrument purporting to have been executed by Howard in his lifetime, by which was conveyed upon its face certain lands. Howard's heirs reconvened, alleging facts relied upon to show a former partnership, and that the deed in question was intended as a conveyance in trust. Howard, a party to the instrument, was dead, and Zimpelman was inhibited by the statute from testifying. The trial court charged the jury as follows:

"The burden of proof is on the defendants to establish *clearly* and with *certainty*, by a preponderance of evidence, their claim that these papers were given for some purpose other than the purpose expressed on their face by their language, which shows them absolute deeds."

This charge of the trial court, which was challenged as placing too great a burden on the defendants, was discussed at some length by Judge Gaines, and since both parties to this appeal contend that the decision in that case is authority in support of their contentions here on the charge now under discussion, we quote at some length from the opinion in that case. Among other things, the Supreme Court in that case said:

"The propriety of giving a charge of this character has been a matter of frequent consideration with us, and the question is one which we have found it difficult to answer. The proposition that, in order to ingraft a parol trust upon a written instrument, it must be proved with *clearness* and *certainty*, was announced in this court at an early day, and has since been substantially reiterated in very numerous decisions. [Here follows the citation of numerous authorities.] The propriety, however, of instructing the jury that the trust must be proved with *clearness* and *certainty* has never been distinctly recognized, except in the case of Markham v. Carothers. * * * In that case, however, it was held that it was error to charge that the trust must be proved beyond a reasonable doubt, rather, however, because it was misleading than that it was incorrect as a proposition of law. In Neyland v. Bendy, 69 Tex. 713, 7 S. W. 497, it was held that a charge that the *clearest and most positive proof* was necessary was improper. In Prather v. Wilkens, 68 Tex. 187, 4 S. W. 252, it was decided that a charge that more than a preponderance of evidence was erroneous, *but the question then was whether a certain instrument was intended as a conditional sale or a mortgage.*

"In Miller v. Yturria, 69 Tex. 549, 7 S. W. 206, the correctness of the proposition as a rule of equity was recognized, but the propriety of giving it in charge to a jury was questioned. In Torrey v. Cameron, 73 Tex. 583, 11 S. W. 840, it was held error to charge that, 'when separate property of the wife has undergone mutations and changes, it is indispensable to maintain its separate character, that it be *clearly and indisputably traced and identified.*' It was deemed proper to instruct the jury that the property be clearly traced, but erroneous to charge them that the mutations need be *indisputably proved.*' These decisions leave us at sea. It is against the policy of the law that a certain instrument should be shown by parol testimony to have an effect different from that which its terms import, except upon very strong proof; but we are of opinion that' to tell a jury a parol trust must be proved with *certainty* is calculated to mislead. 'Certainty' means 'the absence of doubt,' and the effect of such an instruction is to tell the jury that it must be proved beyond any doubt. Such a quantum of proof is not required in any case. In a case like the present, it would be proper to instruct the jury *as to the legal effect of the conveyance, and that the parties to it are presumed in the first place to have intended that it should have that effect,* but that they should find that a trust was intended provided the other evidence be sufficient to *overcome that presumption,* and to *reasonably satisfy them* that such was in fact the intention."

### Baylor v. Hopf:

The purpose of this suit was to establish a resulting trust. The trial court's charge to the jury, which was complained of, was as follows:

"If you believe by a preponderance of proof that in the purchase of the land in controversy * * * in the year 1882," the same "was deeded to Ward," and "that it was agreed and understood" that the plaintiff "was to have an interest in the land in controversy, * * * and that by mistake or inadvertence the name of Kate Sydnor was omitted, then you will find a verdict for plaintiff for such interest in said land," etc.

Discussing this charge, Judge Collard, speaking for the court, said:

"Appellants contend that this charge was incorrect, in that it authorized the jury to find for plaintiff on a mere 'preponderance of proof,' when in fact they ought to have been instructed that the trust relied on by plaintiff must be established with '*clearness* and *certainty.*' * * * Even if the object of this suit were to ingraft a parol trust upon an absolute deed the charge contended for by appellants would not be correct."

The rule as laid down by the Supreme Court in Howard v. Zimpelman is:

"In a case like the present, it would be proper to instruct the jury as to the legal effect of the conveyance, and that the parties to it are presumed in the first place to have intend-

ed that it should have that effect, but that they should find that a trust was intended, provided the other evidence be sufficient to overcome that presumption and to reasonably satisfy them that such was in fact the intention."

Smith v. Eastham:

In this case the plaintiff was seeking to establish that a deed absolute on its face was intended only as a mortgage. It seems that all parties to the instrument were still alive and present in court. The opinion was by Judge Gill, of the Galveston Court. Judge Gill said:

"The ninth assignment of error complains of the following portion of the court's main charge: 'And in cases where it is sought to establish the fact that a deed of conveyance to land, absolute on its face, was only intended by the parties executing and accepting same to operate as a mortgage upon said land, * * * such fact must be *clearly shown by the evidence to the satisfaction of the jury;* and in this connection you are instructed that if it has been clearly shown by the evidence, and by a preponderance of the evidence, * * * to your satisfaction, that said deed of conveyance was * * * intended by the parties plaintiffs and defendants to operate as a mortgage, * * * you will find for defendants; * * * otherwise, you will find for plaintiffs.' The objection urged is that the charge is upon the weight of evidence, and imposes upon defendants a greater burden than the law requires. This language has been held to amount to a requirement that defendant must establish such defense *beyond a reasonable doubt.* It is held to impose a burden greater than the law requires, and it has been almost invariably held reversible error, *unless* the facts were such that the jury could have rendered no other verdict, or it clearly appeared that no injury resulted. Prather v. Wilkens, 68 Tex. 184, 4 S. W. 252; Sparks v. Dawson, 47 Tex. 144; Weaver v. Ashcroft, 50 Tex. 445; Pierce v. Fort, 60 Tex. 471; Baynes v. Ullmann, 71 Tex. 536, 9 S. W. 543; McBride v. Banguss, 65 Tex. 174; Baylor v. Hopf, 81 Tex. 641, 17 S. W. 230; Neyland v. Bendy, 69 Tex. 713, 7 S. W. 497; Willis v. Chowning, 90 Tex. 625, 40 S. W. 395 [59 Am. St. Rep. 842]; contra, Markham v. Carothers, 47 Tex. 28, and earlier cases. In this case the evidence was in sharp conflict upon the question, and the jury should have been correctly charged that it devolved upon defendants to establish their contention by a preponderance of the evidence. The court had already properly instructed the jury, in effect, that the deed, being absolute on its face, was presumed to be what it purported to be until the presumption was overthrown. This seems to be the extent to which the court is permitted to go in its charge to the jury, and he may not charge that such an allegation must be established with *clearness* and *certainty,* and to the satisfaction of the jury. We do not undertake to give the reasons which would forbid a trial court to charge the jury a rule of law so universally held to be correct in the abstract, and by which courts are governed in the trial of causes without the intervention of a jury. We are content to cite the authorities."

From the concluding portion of the opinion of Judge Gill in this case it would seem that he had in mind that the trial court had used the word "certainty" in its charge to the jury, but such was not the case, as will appear from a careful reading.

Pace v. American Freehold Co.:

The purpose of this suit was to have a deed canceled on the ground of fraud. The case was twice before the Austin Court of Civil Appeals, and Chief Justice Fisher wrote the opinion each time. On the first trial, the lower court charged the jury as follows:

"In cases like this, wherein it is sought to prove by parol evidence mutual mistake or fraud in a written contract, for the purpose of having the written contract changed, the law requires that, in order to authorize the change, the evidence must be such as to leave no reasonable doubt in the mind of the jury as to the extent of the mistake or fraud; and if, in this case, you do not believe, beyond a reasonable doubt, either that there was a mutual mistake, as pleaded by the defendants, * * * you will return a verdict for plaintiff on the issues as to reforming the deed of trust."

Discussing this charge, Chief Justice Fisher said:

"We cannot recall to mind any controversy of a civil nature between litigants which may be instituted in the courts of this state, under the rules of law and practice that obtain with us, where it would be proper to require either party to the controversy to establish the issues raised *beyond a reasonable doubt.*"

On the second appeal of the case, Chief Justice Fisher discussed at some length what is meant by the expression "clear and satisfactory," as that expression is frequently used by the courts of this state. On this point he said:

"In cases of this character, * * * no greater amount or certainty in the evidence is required than in cases where the purpose is to be relieved from the legal effect of a written instrument on the ground of fraud or mistake, or where the object is to engraft upon the legal title a trust, or to convert a deed, absolute in form, into a mortgage. Upon principle, no distinction can be made in this class of cases from the one before us. * * * In those classes of cases the rule announced is that the evidence should be clear and satisfactory, and among those where the purpose was to establish a trust or create a mortgage may be mentioned the following: [Here follows the citation of a number of cases, the last being that of Howard v. Zimpelman, supra. With reference to this last case, Chief Justice Fisher continued as follows:] "In the latter case the authorities were reviewed by the present Chief Justice of the Supreme Court, and the conclusion practically reached as just stated. * * * Reasoning by analogy from the rule established in these cases, if the testimony is *clear* and *satisfactory* that a mistake was committed, the written instrument ought to be reformed so as to express the real intention of the parties. As, in effect, stated in some of the cases cited, and which was held in

the previous appeal of this case, \* \* \* this does not mean that the mistake should be established beyond a reasonable doubt, and that such a test as to certainty of proof is not required in cases of this class, or any other of a civil nature known to our practice. The expression 'clear and satisfactory,' in the sense in which it is here used, we think should be taken to mean that it should be clear in the sense that the evidence upon which reformation is based is not *ambiguous, equivocal,* or *contradictory, and should be perspicuous and pointed to the issue under investigation, and satisfactory in the sense that the source from which it comes is of such a credible nature that the court and jury, as men of ordinary intelligence, discretion, and caution, may repose confidence in it.* \* \* \*"

Ellerd v. Ellison:

Here the attempt was to establish an express trust, and it seems that the parties to the instrument under consideration were before the court. Among other things the appellate court said:

"We are inclined to follow the rule, as laid down by Judge Fisher in the case of Mortgage Company v. Pace, \* \* \* and believe that he states the rule correctly and in accordance with the general trend of the authorities in this state."

He says that:

"The two witness rule, or the one with corroborating circumstances, which prevails in some of the states in cases *of this* \* \* \* *character,* does not exist in this state, *except in cases where the evidence is of the character mentioned in the case of Muckelroy v. House.* \* \* \* Such a rule, we think, has no foundation in principle, for, if the evidence is of such a character, whether it comes from one or many witnesses, as to satisfy the conscience of the court that equitable relief should be administered, no hesitancy should be felt in applying the principles that would govern the particular case."

Muckelroy v. House:

In this case the question was whether an absolute deed in form was only intended as a mortgage. In the lower court the contention that the instrument was only intended as a mortgage was denied. On appeal it was said:

"All that is necessary to be said upon this question is that the trial court did not err in holding that the evidence by which it was sought to establish" the trust "was not of such a *clear* and *satisfactory* character as would lead to that conclusion."

We shall now review, as briefly as possible, the cases cited by appellants, hereinbefore mentioned, in support of the first assignment of error:

Willis v. Chowning:

Opinion by Supreme Court, speaking through Associate Justice Brown:

"Though a party is required to establish a fact by a preponderance of the evidence, it is error to charge that the evidence must establish such fact to the jury's satisfaction."

The purpose of that suit was to set aside an execution sale, and there was no question involved as to the quantum of proof required in cases where it is sought to establish a parol trust on a deed absolute in form, nor was the question of the propriety of a charge in such case before the court.

Baines v. Ullmann:

Opinion by Chief Justice Stayton:

"It was not necessary that the evidence should have been sufficient to satisfy the jury of the facts, in order to entitle appellant to a verdict, for he would have been entitled to this if upon consideration of all the evidence the jury had been of the opinion that the facts necessary to a recovery by him were established by a preponderance of the evidence.".

There the action was one for debt and attachment, and there was no issue of parol trust, nor was there any question of the propriety of a charge in such a case.

Brewer v. Doose, by the Austin Court of Civil Appeals:

"A plaintiff is never required to establish his case to the satisfaction of the jury before he is entitled to recover, but the jury may find for him if they believe from a preponderance of the evidence that he is entitled to recover."

The issue involved in that case was one of boundary line, and no parol trust question was involved, nor the propriety of a charge in such a case.

Moore v. Stone, by Court of Civil Appeals, Second District:

"The jury might have believed that the evidence preponderated in favor of the genuineness of these deeds, yet under this charge they would have felt bound to render a verdict against appellant if their minds were not \*. \* \* free from doubt as to the genuineness of said deeds."

There the action was one of trespass to try title, and no parol question involved, and the charge under consideration was on an issue of forgery.

Peden I. & S. Co. v. Jaimes, opinion by Court of Civil Appeals, San Antonio:

In this case it was held that a charge upon contributory negligence which required the defendant pleading same to show such negligence to the jury's satisfaction, was not reversible error, in view of rule 62a (149 S. W. x). This was an action for damages for personal injuries against a railway company, and no issue of parol trust was involved, nor the propriety of any charge in such a case.

Rider v. Hunt, by Court of Civil Appeals, Fifth District:

In that case the attempt was to set aside a deed on the ground of fraud, and the appellate court condemned a charge by the trial court which required the plaintiff to show by clear and satisfactory evidence that the transaction was fraudulent. There was not involved any question of parol trust, nor the propriety of a charge in such a case.

McBride v. Banguss, opinion by Associate Justice Stayton:

"In civil cases juries should ordinarily find in accordance with the preponderance of evidence, and a charge which requires a plaintiff to make 'satisfactory evidence,' or 'clear and satisfactory evidence,' may be understood to mean a higher degree of proof than is furnished by a preponderance of the evidence, and this is especially true when charges containing such language are often repeated."

This was an action of trespass to try title, and no question of parol trust was involved, nor the propriety of any charge in such a case. Even in that case, however, the case was not reversed because of the trial court's charge.

Smith v. Eastham:

We have already reviewed the charge given and condemned in that case, which was an action by Eastham v. Smith, and the defendant claimed that a deed made by him to plaintiff was intended as a mortgage. The transaction was one of recent date, and it appears that all parties to it were still living and before the court.

Bank v. Myer, opinion by Austin Court of Civil Appeals:

"The trial court has no right to instruct the jury that any state of facts must be established with certainty."

The suit was one for the value of goods alleged to have been converted, and no question of parol trust sought to be ingrafted on a deed was involved, nor the propriety of a charge in such a case; and we fully agree with the holding that a trial court has no right, in any civil case, to instruct a jury that any state of facts must be established with certainty.

Palm v. Chernowsky, opinion by Galveston Court of Civil Appeals:

We have already reviewed the opinion in this case and the charge of the trial court there condemned. In that case plaintiffs brought suit and prayed for an injunction to prevent a sale of property under execution, and defendants claimed that the deed to same was intended only as a mortgage. The transaction, it appears, was a recent one, and all parties to the deed were before the court. In that case the charge of the trial court required defendants to show by proof "positive, certain, and satisfactory" that it was the intention of the parties that the instrument should be a mortgage only. We agree with the holding in that case that the charge given would be improper in any civil case.

Pierce v. Fort, by Commission of Appeals, speaking through Judge Delany:

In that case it was held error for the trial court to instruct the jury that they could not find a deed absolute upon its face to be a mortgage, unless the fact that it was so intended should be established by two witnesses, or by one witness and strong corroborating circumstances. The suit was one of trespass to try title, in which the defendant claimed that she thought the deed in question was a mortgage on other land, but which, in fact, on its face purported to be a deed to her homestead.

Neyland v. Bendy:

In this case it was sought to ingraft a parol trust on a deed absolute in form, and the trial court charged that the claimed trust would have to be established to the satisfaction of the jury, and this charge was not held error. A requested charge, however, which required the "clearest" and "most positive" proof was held properly refused.

Howard v. Zimpelman:

We have already reviewed at length this case, the court's charge in which told the jury that the claimed parol trust must be proved with "certainty." The appellate court said that "certainty" means "the absence of doubt," and that the effect of such an instruction was to tell the jury that the claimed parol trust in that case must be proved beyond any doubt. Unquestionably, the decision in that case was correct.

Atkinson v. Reed, Court of Civil Appeals, speaking through Judge Rainey:

In this case it was said that the law only requires an issue to be established by a "preponderance of the evidence," and that the word "preponderance" should not be qualified by the word "fair," or in any other manner. The main issue there to be determined was whether a deed absolute was intended to be a mortgage and had been procured by fraud. The expression "fair preponderance of the evidence," used in the charge, related to the question of fraud in procuring the deed.

Cowans v. Railway Co., Court of Civil Appeals, speaking through Judge Conner:

In this case it was held that a plaintiff who establishes his cause of action by a preponderance of the evidence is entitled to recover, and that the use of the word "fair," qualifying the word "preponderance," has several times been condemned. The action was one against a railway company for the recovery of damages for personal injuries.

Van Geem v. Oil Mill, Court of Civil Appeals, speaking through Judge Dunklin:

"The use of the word 'established' is criticized as imposing upon the plaintiff an improper burden, under the rule announced in * * * Railway Company v. Duncan, 55 Tex. Civ. App. 440, 121 S. W. 367. In view of the connection in which the term is used, it is not likely that the jury understood that the burden was upon the plaintiff to do more than to make out his case by a preponderance of the evidence, but upon another trial we would suggest that the charge be so framed as to be free of this criticism."

The action was one to recover damages for personal injuries and no issue of parol trust

was involved, nor the propriety of any charge in such a case.

[3, 4] After a careful study and analysis of the decisions cited by both parties and reviewed as above, we have reached the conclusion that a trial judge, in a case where it might be sought to ingraft a parol trust upon a deed absolute in form, would not be correct in charging the jury that the proof to establish such trust must be certain, or indisputable, or beyond a reasonable doubt, or that such proof must be of the most convincing and positive character, but, on the contrary, we are convinced that such a charge would be error in any such case. We do not regard the charge under consideration, however, as requiring any such degree or quantum of proof in order for the jury to find that the claimed trust existed. In this charge neither the expression "certain," "indisputable," "beyond a reasonable doubt," nor "most convincing and positive," is used; but the charge here is, in substance, that the claimed trust must be established clearly by a preponderance of the evidence to the satisfaction of the jury before they would be warranted in finding that a trust was created as claimed by appellants; and we have reached the conclusion that such charge was not only not reversible error, but that it was not error at all, as applied to the facts in this case, but, on the contrary, was a proper charge, and we believe that the Supreme Court of this state has never held or intended to hold the charge here under consideration to be error in a case where it was sought as here, to ingraft a parol trust upon an absolute deed by verbal testimony alone, after a great lapse of time, and after the death of the party sought to be charged with the trust.

We notice that appellants criticize the expression "established," as used in this charge, and contend that such expression means, or was probably understood by the jury to mean, that the claimed trust must be "established absolutely," and that such was equivalent to requiring proof on their part beyond a reasonable doubt, or "beyond any doubt." As shown in some of the decisions above reviewed, the expression "established" has been criticized; but in our opinion it really means no more, when used in charges to juries, than the expression "proved." The decisions of this state are replete where both expressions have been used synonymously and interchangeably by trial judges in jury trials, and we have no hesitancy in holding that there is really no difference in meaning between the two expressions when so used.

It follows, from what we have said, that we are of the opinion that appellants' first assignment of error should be overruled, not only because the charge complained of was not reversible error, in view of the state of the evidence in this particular case, but also because such charge was not error at all.

In other words, we would not be understood as holding that the assignment should be overruled because the error, if any, was harmless, in view of the opinion entertained by us that the evidence as a whole clearly preponderated in favor of the jury's finding against the claimed trust; for, if we are incorrect in holding that the charge complained of was not error, then we do not desire to put our holding upon any ground that might possibly have the effect to deny to appellants relief in the Supreme Court, and therefore, as to this assignment, we do not invoke rule 62a, and say that, if the charge complained of was error, it was not calculated to injure, and probably did not injure, appellants. The first assignment is overruled.

By the second assignment of error, it is complained that the court erred in submitting to the jury, as a part of the law of the case, special charge No. 15, requested by appellees and given. Special charge No. 15 was as follows:

"The jury is instructed that the deed of May 18, 1882, imports a consideration, and if in fact it was intended by the parties as a deed of settlement, and the presumption is ·that it was so intended unless the contrary is proven, as you are elsewhere herein instructed, then it is immaterial whether the consideration described in the deed, or any part thereof, was actually paid, and if you find that said deed was intended as a deed of settlement, then you will answer question No. 1 in the negative, even though you may find from the evidence that all or no part of the consideration described in the deed was paid by Jacob Binz to the plaintiff herein."

The court had already instructed the jury, in its main charge, as follows:

"The court submits this case to you upon special issues, which you will answer as you find the facts to be upon all the facts and circumstances of the case, as shown by the evidence admitted, in regard to each of such special issues hereinafter submitted."

The following objections were interposed to special charge No. 15:

(a) "Because the same was an undue repetition of the presumption that would obtain, and places too great a burden upon plaintiff in view of the facts in this case, the court, having fully in his main charge and in other special charges, clearly instructed the jury that the deed is presumed to have contained the intention of the parties."

(b) "Because the same in effect instructs the jury that the fact that there was no consideration paid could not be looked to by them in determining whether such instrument was executed and delivered with the intention and for the purpose of a trust."

(c) "Because the same singles out a particular fact and holds out too prominently before the jury issues already presented and is a charge upon the weight of the evidence."

(d) "Because the same is contradictory of the other portions of the charge wherein the jury is instructed that they can take into considera-

tion all the facts and circumstances in determining their answers to the issues submitted."

(e) "Because, if a deed of settlement, the same could not operate as such settlement or be presumed that such settlement was had, in the absence of the payment of a fair consideration therefor."

All of these objections to this special charge were timely presented and overruled by the trial court. There are three propositions under this assignment. The first is:

"A trust is established by operation of law as against the surviving parent in favor of the minor child for the purpose of holding the community properties for settlement, and the surviving parent as such trustee cannot acquire the interest of a cestui que trust, the child, by purchase except upon full disclosure of all the properties belonging to such trust estate, and its value, and payment of full value therefor."

Under this proposition, it is claimed that Jacob Binz became the trustee of his daughter, Adelina, upon the death of her mother, for the purpose of holding the community property for settlement.

The second proposition is:

"The court having instructed the jury in its main charge upon the presumption which prevailed in favor of the deed of May 18, 1882, it was reversible error to repeat a charge upon such presumption as was done in the special charge complained of, as giving undue prominence in favor of such presumption to the jury."

The third proposition is:

"The fact that no consideration was paid to plaintiff in error by her father for the deed of May 18, 1882, was pleaded as a circumstance to show the existence of the alleged trust, and as a circumstance tending to overcome the legal presumption that the instrument was intended as a deed of settlement, and the evidence clearly raising such issue, plaintiff in error was entitled to have the jury consider the evidence showing that no consideration was paid, in arriving at its answer to issue No. 1, and the charge complained of, withdrawing the same from their consideration for such purpose, was therefore upon the weight of the evidence, especially when such charge was directed at the vital issue in controversy."

[5] We cannot follow counsel in discussing in detail these several propositions, because of the great length to which this opinion would have to go. As to the first proposition, we simply say that, even if appellants' contention be correct, Jacob Binz became the trustee of his daughter, Adelina, upon the death of her mother for the purpose of holding the community property for settlement, at which time she was a minor, nevertheless she was not a minor on May 18, 1882, and at that time, under no rule of law, as we understand it, did her father sustain to her the relation of trustee for any purpose, but at that time they were tenants in common in every sense of the term, as regards the community estate of Jacob Binz and the deceased mother of his daughter, Adelina.

[6, 7] As to the second proposition under this assignment, we are inclined to think that the repetition of the presumption obtaining in favor of the deed of May 18, 1882, ought not to have been mentioned in this charge, and that its presence subjected the charge to the criticism offered; and we are aware that many cases have been reversed by our appellate courts, where a repetition of this character has appeared in a charge to the jury. In nearly all of such cases, however, it will be found that the evidence touching the issue to which such charge referred was in sharp conflict, or evenly balanced, and therefore it was difficult for the appellate court to say whether the charge complained of resulted prejudicially to the party complaining of such charge. In this case, however, we repeat that the evidence as a whole, while making an issue for the jury's consideration as to the claimed trust, preponderated clearly against such claimed trust, and in our opinion supported overwhelmingly, when all the circumstances before the jury in this case were considered, their finding that the claimed trust was never created or existed. We are therefore of opinion that the error of the trial court here pointed out was not, in view of the evidence in this case, calculated to prejudice appellants or bring about an erroneous verdict or judgment, and that such error was harmless.

[8, 9] As to the third proposition, we do not not regard the charge complained of as withdrawing from the consideration of the jury the question as to whether the consideration mentioned in the deed of May 18, 1882, was paid; but such charge, in substance and effect, tells the jury that, in the event they should find from all the facts and circumstances that such instrument was intended by the parties thereto as a deed of settlement, then it would be immaterial whether the consideration therein mentioned was paid or not. In other words, we do not regard the charge as telling the jury that, in determining the issue of trust vel non, the question as to whether the consideration mentioned in the deed was paid would be immaterial, but that they would first determine whether such trust was intended by the parties, and, if not, that then the failure to pay the consideration mentioned, if there was such failure, would not have the effect to constitute the transaction one of trust. Besides this, appellants had alleged a total failure of consideration for the deed in question, and this allegation was substantially supported by Mrs. Carl's evidence before the jury, and, such being the case, we are inclined to think that the trial court did no more than was proper to guide the jury in determining the real and vital issue in the case, and to fully protect the rights of appellees before the jury in passing on that issue. We believe that no error, and feel sure that no reversible error, is shown by this assignment.

The third assignment of error challenges the action of the trial court in submitting to the jury, as a part of the law of the case, special issue No. 6 requested by appellees. This special charge was as follows:

"The jury is instructed that this suit is not brought for the purpose of setting aside the deed of May 18, 1882, because of fraud or unfairness on the part of Jacob Binz in procuring said deed, and unless you find from a preponderance of the evidence, as elsewhere instructed, that this deed was not a deed of settlement between the parties as it recites, then the plaintiff cannot recover herein, and in such event question No. 1 should be answered in the negative, even though you should find from the evidence that the settlement evidenced by the deed was not a fair and just one, or that it was procured by fraud or misrepresentations on the part of Jacob Binz."

Written objections were timely interposed to the giving of the charge, the same being, in substance, that the same was upon the weight of the evidence, in that it singled out certain facts, and because it was an undue repetition as to the burden of proof resting upon appellants in their attempt to establish the trust, and also because defendants had not pleaded that said deed was obtained by fraud or mistake, nor that the consideration was unfair. These objections were overruled.

There are several propositions under the assignment, the first being, in substance, that it was error to give in charge to the jury an issue not raised by the pleadings; and, second, that the charge was, in effect, a peremptory instruction against appellants upon the main issue in the case (the claimed trust), and that such charge was a repetition of the burden resting upon appellants to establish their case, etc.

As to this assignment, and the propositions thereunder, we would say that appellants had pleaded, substantially, that the community estate of Jacob Binz and the deceased mother of Mrs. Carl was one of great value, worth perhaps several hundred thousands of dollars at the date of the deed in May, 1882, and appellants further pleaded, in substance, that the father, Jacob Binz, who was alleged to be the natural guardian of his daughter, Adelina, had induced her to execute said deed without disclosing to her its real contents, and without paying her any consideration therefor. Upon the witness stand, Mrs. Carl testified, substantially, that she had received no consideration for the deed, and that her father told her at the time of its execution that it was only a deed in trust, and that she believed his statement to this effect to be true, and that she never found out until some time in December, 1913, and even after this suit was filed, what the real contents of the deed were.

[10, 11] It is needless to say, of course, that the deed from Adelina Binz to her father, even if procured by fraud of any character, could not be successfully attacked on that ground at the time this suit was brought, because such cause of action, if it ever existed, had been barred by limitation for many years. And although the attack made on the deed by the pleadings of appellants in this case was not on the ground that the same had been obtained by fraud, and while, as said by appellants, appellees interposed no such plea, nevertheless, in view of the allegations which were sought to be sustained by the testimony of Mrs. Carl, to the effect that her father procured the deed from her by representing to her that it was only a conveyance in trust to him, and that she relied upon such representation and never discovered the contrary, etc., until in December, 1913, we think that it was not error on the part of the trial court in giving the charge complained of, and that really some such charge should have been given for the due protection of the legal rights of the appellees in this case. But, whether we be correct as to this or not, we feel sure from a consideration of the record in this case that the error, if any, was not calculated to injure or prejudice appellants in this case, and that it did not have such effect. The third assignment of error is therefore overruled.

The fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments of error have been each carefully considered by this court, and we have reached the conclusion that none of them point out any error prejudicial to appellants, if error at all. We would not hesitate to take up these assignments separately for disposition, if we could do so and keep this opinion within reasonable bounds. In fact, to do so would be a pleasure, because of the clear and pointed manner in which able counsel have briefed these assignments; but, since we are clearly of the opinion that none of them point out reversible error, we must content ourselves with simply overruling them.

The thirteenth assignment of error complains of the trial court's action in refusing to grant a new trial because of evidence claimed to have been newly discovered. There were attached to the motion for a new trial two affidavits, one by Joseph Houk and the other by Lewis Thiel, showing what this claimed newly discovered evidence would be.

[12] We have examined these affidavits, and have reached the conclusion that the evidence on the part of the witness Houk could not be said to be newly discovered, in the legal acceptation of that term. Substantially stated, this evidence is to the effect that said witness had heard Jacob Binz, on perhaps two occasions several years prior to his death, declare, in substance, that he was holding Mrs. Carl's interest in her deceased mother's estate in trust for her. This same character of evidence had been given on the

trial by other witnesses, and therefore the same, under the holdings of our courts, was not newly discovered, but was merely cumulative, and for that reason, as to this evidence, there was no error in refusing the motion. Railway Co. v. Wood, 69 Tex. 679, 7 S. W. 372; Oil Co. v. Thompson, 76 Tex. 235, 13 S. W. 60; Adams v. Eddy, 29 S. W. 180.

[13] We also think that no prejudicial error was shown in refusing the motion as to this evidence, for the reason that, if given on a new trial, it would not probably change the result. It is manifest, from answers made by the jury to several of the special issues submitted, that the evidence of this witness, had it been produced on this trial, would not have been given credence and would not have changed the result; and, in our opinion, if this witness had been present and his evidence admitted, the finding of the jury that no trust was created, as claimed by appellants, would still be overwhelmingly supported by the facts and circumstances in this case.

[14] It also appears from the affidavit of this witness that on one occasion, when the alleged declaration was made by Jacob Binz, the appellant Mrs. Carl was present and heard such declaration, and it occurs to us, for that reason, that the evidence of this witness as to that declaration cannot be said to have been newly discovered after the trial. Conwill v. Railway Co., 85 Tex. 96, 19 S. W. 1017. And in this same connection we will add that the other newly discovered evidence set up in the motion for new trial and made the basis of this assignment would not, in our opinion, had it been admitted at the trial, have probably changed the result, in view of the record in this case, and we therefore overrule this assignment.

Assignments of error from the fourteenth to the nineteenth, inclusive, relate to the action of the trial court in submitting special issues to the jury. These assignments have had due consideration by this court, and we feel certain that no error prejudicial, if error at all, is shown by any of these assignments, and they are overruled.

Assignments from the twentieth to the fifty-fourth, inclusive, challenge the findings of the jury in answer to special issues, on the ground that such answers were without support in, or against the preponderance of the evidence, or were immaterial. These we have considered fully, and think that no error prejudicial to appellants, if error at all, is pointed out by any of these assignments, and they are overruled.

[15] The fifty-fifth assignment complains

that the trial court erred in failing and refusing, after proper request, to file within the required time its findings of fact and conclusions of law, etc. As stated in the beginning, this was a jury trial, and the case was submitted upon special issues, to which the jury returned their answers, and the judgment of the court, upon motion of appellees, was entered upon such verdict in their favor. Such being true, the court was not required to file findings of fact or conclusions of law. R. S. art. 1989; Padgett v. Hines, 192 S. W. 1122; Railway Co. v. Stevens, 185 S. W. 390; So. West B. C. Co. v. Latta, 193 S. W. 1115.

The fifty-sixth assignment of error has been carefully considered, but notwithstanding the plausible and ingenuous argument of counsel in connection therewith, we have concluded that it cannot be sustained, but should be overruled.

In conclusion, we will add that appellees have advanced a number of independent propositions and reasons upon which they claim the judgment in this case should be in all things affirmed, regardless of any assignments of error made by appellants. We have not ignored these independent propositions, but, on the contrary, have considered them all, and without discussing any of them, we hold that none of them should be sustained, unless it be the contention that the judgment should be affirmed, regardless of any other issue or question in the case, on the finding of the jury which was substantially to the effect that appellants' cause of action was barred by limitation, even if the trust, as claimed by them in this case, was ever created.

The finding of the jury on this point was, in substance, that if such trust was over created, it was repudiated by Jacob Binz and that his course of conduct, in dealing with the property, etc., was such as to give notice to appellants that such trust had been repudiated a sufficient length of time before this suit was instituted to bar the right of recovery under the law.

We are inclined to think that this independent proposition of appellees is sound and tenable, and that the judgment in this case ought to be affirmed for that reason, regardless of any other question in the case. To discuss this proposition, however, so as to make our holding on the point intelligible, would require this opinion to be carried to much greater length than it has already reached, and therefore we shall have to decline to do so.

The judgment of the trial court will be in all things affirmed; and it is so ordered.