### KEISER v. MOSS et al.    (No. 1508.)

Court of Civil Appeals of Texas. Beaumont.
June 16, 1927.

Rehearing Denied June 29, 1927.

1. **Trusts** ⊜⟹44(2)—Evidence held to sustain finding that deed was executed with intention that grantee should hold title in trust for grantor.

In action of trespass to try title, evidence *held* sufficient to sustain finding of trial court that deed between parties joined as defendants was executed with intention that grantee should hold title to land in trust for his grantor.

2. **Trusts** ⊜⟹44(3)—Parol trust will not be imposed under deed absolute on its face unless evidence of trust is clear and satisfactory.

Before parol trust will be ingrafted upon deed absolute upon its face, evidence adduced must be clear and satisfactory in favor of trust claimed.

3. **Appeal and error** ⊜⟹931(6)—Judge, trying case without jury, is presumed to have disregarded incompetent evidence.

In trials before court without jury, it is presumed that trial judge disregarded any incompetent evidence introduced before him.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Action by Roswell Eldridge against A. H. Keiser and others, in which, on the death of defendant L. K. Moss, C. L. Moss and others, deceased's heirs and successors in title, became parties defendant. Judgment for plaintiff and for the heirs and successors of L. K. Moss, and defendant Keiser appeals. Affirmed.

E. B. Pickett, Jr., of Liberty, for appellant.
Bryan, Dyess & Colgin, of Houston, for appellees.

HIGHTOWER, C. J. This was an action of trespass to try title, filed by Roswell Eldridge, as plaintiff, in the district court of Liberty county, against A. H. Keiser, the appellant here, L. K. Moss, and a number of other defendants, in which plaintiff sought to recover title and possession of a tract of land in the J. D. Martinez league No. 6 in Liberty county, the tract sued for being alleged to contain 1,409 acres. Pending the suit and before trial L. K. Moss died, and the appellees here are his heirs and successors in title.

The case was tried before the court without a jury, and the judgment was in favor of the plaintiff Eldridge against all parties for an undivided five-eighths of the tract of land involved, and in favor of the appellees, as heirs and successors in title of L. K. Moss, for three-eighths undivided interest in the tract of land sued for. It is from this judgment that the appellant, Keiser, prosecutes this appeal.

[1] Only two contentions are advanced by counsel for appellant for reversal of this judgment. By the first proposition it is contended that the trial court was in error in concluding and holding that appellant, Keiser, under and by virtue of a certain deed dated November 6, 1918, from L. K. Moss to him, was holding the title to the land thereby conveyed to Keiser in trust for Moss. This was the whole controversy as between appellees and appellant in the trial below. Now it is contended by learned counsel for appellant that the evidence adduced upon the trial was insufficient to warrant the trial court's finding as a fact that the deed from L. K. Moss to appellant, Keiser, on November 6, 1918, was executed with the intention that the title to the land thereby conveyed should be held by Keiser in trust for Moss. If the evidence was sufficient to warrant the conclusion and holding of the trial court on that issue, it follows that the judgment was proper and must be affirmed. We have examined the entire statement of facts in this record touching that issue, and have concluded that the evidence, both positive and circumstantial, was amply sufficient to warrant the finding of the trial court that the deed from L. K. Moss to appellant, Keiser, dated November 6, 1918, was executed with the understanding between them that Keiser should hold the title in trust for Moss. No useful purpose would be served by discussing the evidence bearing upon this issue.

[2] We agree with learned counsel for appellant that it is the law in this state that before a parol trust will be ingrafted upon a deed conveying land absolute upon its face, the evidence adduced must be clear and satisfactory in favor of the claimed trust. This court so held in Carl v. Settegast (Tex. Civ. App.) 211 S. W. 506. In that case we held that it was proper for the trial court to instruct a jury that, in order to ingraft a parol trust upon a deed absolute in form, the evidence touching that issue must be clear and satisfactory. In making that holding, we followed our Supreme Court in several cases. But upon appeal our decision on that point was reversed by the Commission of Appeals, that court holding that, while it is true that the law requires that in order to ingraft a parol trust upon an absolute deed the evidence touching that issue must be clear and satisfactory in favor of the claimed trust, still the trial court cannot so instruct a jury. That court held that a mere preponderance of the evidence on an issue of that kind in favor of the claimed trust would be sufficient for a finding by the jury in favor of the trust. The writer has never been able to see the consistency or logic of the holding made by the Commis-

sion of Appeals on that point, because if it be the law, as admittedly it is, that there must be clear and satisfactory evidence in order to warrant a finding that a deed absolute in form is not what it purports to be, it ought to be permissible for the trial judge to tell the jury what the quantum and character of the proof on such an issue must be. However that may be, it is clear to us in this case that the trial court's conclusion of fact, that the deed in question was made by L. K. Moss to appellant with the intention that he should hold the title to the land thereby conveyed in trust for Moss, is amply supported by the evidence adduced upon the trial touching that issue, and we therefore overrule appellant's contention to the contrary.

[3] The next contention is that the trial court committed several errors in the admission of evidence offered over the objection of appellant touching the issue as to whether the deed above mentioned was held in trust by appellant for L. K. Moss. There are 13 bills of exception reserved by appellant to the admission of evidence of this character. Upon examination of these bills, we find that most, if not all, of the evidence complained of by them was admissible, but even if all the objections raised by appellant in this connection were good, still it should not cause a reversal of this judgment. The trial was before the court without a jury, as we have stated, and it is the rule in this state that the trial judge is presumed to have disregarded any incompetent evidence adduced before him. Without regard to any evidence admitted over appellant's objection, there was sufficient evidence adduced upon the trial, clearly admissible, touching the issue of the claimed trust, to warrant the trial court's conclusion on that issue.

It follows from these conclusions that the judgment should be affirmed, and it has been so ordered.